## (October 25, 1965)

■ CITY OF GLEN COVE, Respondent, v. UTILITIES AND INDUSTRIES CORPORATION et al., Appellants. — In a condemnation proceeding, the defendant Utilities and Industries Corporation appeals, by permission of the Supreme Court, Nassau County (CPRL 5701, subd. [c]), from an order of said court, entered June 29, 1965, which granted plaintiff's application for permission to enter immediately upon the property to be taken in the proceeding and to devote it temporarily to the public use specified in the petition, on condition that plaintiff file a certificate to the effect that there is on deposit to its credit $3,000,000 to be applied so far as necessary to the payment of any award that may be made, with interest, costs and expenses of the proceeding. Order affirmed, with $10 costs and disbursements. A proceeding to condemn an operating public water supply system such as the one owned by defendant presents difficulties not encountered in the usual condemnation proceeding, since the defendant is required by law and by the Public Service Commission to make continuing additions and improvements after commencement of the proceeding. Accordingly, the description of the property to be taken as set forth in the original petition will not accurately describe the property as it actually is on the date of the final order. Although the Condemnation Law contains no express provision for appraising additions and improvements, section 26 of that statute gives the court the power to make all necessary orders and to give necessary directions to carry into effect the object and intent of the law. Section 24 gives the court the power to grant immediate possession of the property where the public interests will be prejudiced by delay. If the court is to compensate the defendant fully for its property, then possession

will have to be given to the plaintiff at some time prior to the completion of the appraisal; otherwise, appraisal proceedings will go on *ad infinitum*. The longer the defendant retains possession, the longer the proceeding will continue. Accordingly, the delay in granting possession is prejudicial to the public interests since it prolongs and complicates the proceeding, increases the ultimate cost to the public, promotes uncertainty as to future operation of the utility, and discourages proper long-range planning. In the instant case, the defendant has already spent some $400,000 on additions and improvements since the commencement of the proceeding, all of which may not necessarily fit in with plaintiff's plans for improving water services in the City of Glen Cove. This situation would not exist had possession been applied for and granted at the time the petition for condemnation was granted and the appraisers were appointed. While the prejudice to the public interests caused by this delay in moving cannot be rectified, at least any further prejudice will be avoided by the granting of possession at this time. The court, pursuant to section 26 of the Condemnation Law, will be able to devise some final method of evaluating all the defendant's property so that this proceeding may be brought to a close. Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.