Fuld, J.
 

 The City of G-len Cove in 1961 commenced a proceeding, under the Condemnation Law, to condemn the plant and.
 
 *208
 
 property of defendant Utilities and Industries Corporation which supplies water to the city and its inhabitants.
 
 [1]
 
 The issue of value has been on trial before commissioners of appraisal since May, 1962 — during which time over 1,500 pages of testimony have been taken and many exhibits received in evidence — and the hearings are still in progress. The plaintiff has moved, pursuant to section 24 of the Condemnation Law, for an order permitting it to enter immediately upon the property and to devote it temporarily to the public use specified in the condemnation petition, on the ground that any further delay would seriously prejudice the public interest.
 
 [2]
 
 The court at Special Term granted the motion and directed the plaintiff to post $3,000,000 as the deposit required by section 24. The resulting order having been affirmed, the defendants appeal, by leave of the Appellate Division, on a certified question.
 

 It is our conclusion that the courts below were thoroughly justified, in the exercise of discretion, in granting the relief sought. The record—■ consisting of affidavits and exhibits — tends to establish that, if the water service and facilities in Glen Cove are not already inadequate, they will soon become insufficient for fire protection and consumer demand by reason of the city’s rate of population growth and the water company’s expressed reluctance to expend the capital necessary for improvements. Certainly, this evidence of justifiable concern on the part of the city about its water supply is enough of a showing, under section 24, that
 
 [1]
 
 ‘ the public interests will be
 
 *209
 
 prejudiced by delay.” (Cf.
 
 Matter of City of New York
 
 v.
 
 New York Water Serv. Corp.,
 
 274 N. Y. 100, 104.)
 

 The fact that the plaintiff is authorized, by section 18 of the Condemnation Law, to seek a discontinuance of the condemnation proceeding’s does not offer a basis for reversal. There is no warrant for the fear that the defendants will not be fully protected if there is such an abandonment. As already noted, the plaintiff has made a deposit, pursuant to section 24, of $3,000,000, to be applied not only to the payment of any future award but also — to quote from the section—“ in case * * * the proceeding should be abandoned by the plaintiff, * * * to the payment of any damages which the defendant may have sustained by [the plaintiff’s] entry upon and use of his property.” In the light of such language, there can be no doubt that the plaintiff’s deposit is applicable to “ any damages ” which the defendants may suffer — as well as the cost and expenses of the proceeding’s — and, indeed, the plaintiff itself has acknowledged that this is so.
 

 As to the other arguments advanced by the defendants, we would but note that we have examined them and find them without substance. •
 

 The order appealed from should be affirmed, with costs, and the certified question answered in the affirmative.
 

 Chief Judge Desmond and Judges Van Voorhis, Burke, Scileppi, Bergan and Keating concur.
 

 Order affirmed, etc.
 

 [1]
 

 . Chemical Bank, New York Trust Company has been joined as a defendant because it holds a mortgage on the property.
 

 [2]
 

 . Section 24 of the Condemnation Law, insofar as pertinent, reads as follows:
 

 “ When it appears to the satisfaction of the court at any stage of proceedings that the public interests will be prejudiced by delay, it may direct that the plaintiff be permitted to enter immediately upon the real property to be taken, and devote it temporarily to the public use specified in the petition, upon the deposit with the court of a sum to be fixed by the court * * * and such sum when so fixed and paid shall be applied, so far as it may be necessary for that purpose, to the payment of any award that may be made ® * * and, in ease the petition should be dismissed, or no award should be made, or the proceedings should be abandoned by the plaintiff, the court shall direct that the money so deposited, so far as it may be necessary, shall be applied to the payment of any damages which the defendant may have sustained by such entry upon and use of his property”.