OPINION OF THE COURT
Aaron E. Klein, J.
Petitioner, Town of Colonie, seeks an order of this court for permission to enter upon the land of respondent, Emily M. Sanderson, for the purpose of completing construction of the Loudon Heights Laterals Sewer Improvement Project.
The petition alleges that the sanitary sewer line for which the easement is sought will be underground, and there will be no permanent damage as a result of its construction. The petition also alleges that petitioner has not been able to come *499 to an agreement with respondent Sanderson as to the value of the easement, and that respondent Sanderson will only agree to a sum of money in excess of the true value of the easement. Petitioner alleges the true value of the easement is $438; that the public welfare requires grant of the easement to prevent a health hazard caused by the malfunction of private sewer lines; and, that delay in grant of the easement will delay construction of the sewer and be detrimental to public health. The petition asks that commissioners of appraisal be appointed to set the appropriate compensation so that respondent Sanderson can be paid, and the easement granted.
Respondent resists the relief prayed for in the petition on the ground petitioner has not demonstrated that the public interest will be prejudiced if the town is not given immediate access to respondent’s land to complete the sewer project. Respondent suggests that section 24 of the Condemnation Law requires the court to make findings of (1) a public use; (2) that the issues raised in the petition and answer will be ultimately decided in the public’s favor; and (3) that there is an imperative necessity for the condemnation required based on the fact that failure to grant the easement will prejudice the public interest. Respondent urges that the affidavit of Charles T. Male (engineer for the sewer project) dated October 6, 1977 does not provide sufficient detail concerning the sewer construction project to show why entry on respondent’s land is required now during the winter when respondent believes construction cannot take place. Respondent is a middle-aged woman who works varied hours for American Airlines and alleges that she must have automobile access to her property so that she may feed and care for horses in a barn. Respondent fears that the sewer construction will deprive her of automobile access to her barn, and cause her unnecessary risk to go on foot in her efforts to care for her horses during early morning or late evening hours.
By affidavit dated December 6, 1977 Charles T. Male informs the court that the United States Environmental Protection Agency (EPA) on October 11, 1977 awarded petitioner Town of Colonie money for construction of the sewer project based on a project cost of $459,500. Advertising for construction bids was made November 10, 1977. Bids are scheduled to be opened on December 7, 1977. EPA reviews bids within two weeks following the opening of bids to confirm or reject acceptance of an appropriate bid. The award to the successful *500 bidder is expected to be made in mid-January, 1978 with construction beginning in mid-March, 1978. Charles Male’s affidavit says that EPA requires a certificate of title to the project site indicating necessary easements have been acquired prior to giving its approval of the award to the successful bidder for construction of the project. The Male affidavit also says that failure to obtain the easements by granting an order of temporary possession immediately would require a trial, which, with appeals, could consume so much time that the project might be threatened because by EPA Regional Administrator rule, construction must begin within one year from the grant award, and the Regional Administrator may grant an extension of six months only upon a showing of sufficient cause.
Reading section 24 of the Condemnation Law the court finds that construction of the sewer line is in the public interest, and that the public health interest will be prejudiced if petitioner is not granted a temporary easement by condemnation (cf. City of Glen Cove v Utilities & Inds. Corp., 24 AD2d 766, affd 17 NY2d 205, Fuld, J.).
As petitioner needs immediate access to the subject property for the purposes of inspecting the land, making test borings and taking measurements, petitioner is granted immediate access to the subject property to make studies preliminary to the actual digging providing the studies petitioner makes do not prevent respondent’s access by automobile to her property.
As construction is not to begin until mid-March, 1978, the easement will be deemed to commence in mid-March, 1978. Petitioner is directed as a condition of the easement to provide respondent with some means of daily automobile access to her barn during the construction by placing a ramp or some other object over any excavation which might block respondent’s access.
Pursuant to section 11 of the Condemnation Law the court directs an early trial of all issues raised in the petition and denied in the answer.
Pursuant to section 24 of the Condemnation Law the court directs petitioner to deposit $1,000 with it by paying it to the County Treasurer of Albany County.