■ INCORPORATED VILLAGE OF PHILMONT, Respondent, v THEODORE GLAZIK, Appellant, et al., Defendant.—Appeal from an order of the County Court of Columbia County, entered June 28, 1978, which granted plaintiff's motion to allow it to immediately enter upon the subject land and to use it as an access route to the sewage treatment plant site before a permanent condemnation hearing is held. The defendant challenges the right of the court to grant an order of temporary possession to plaintiff pursuant to section 24 of the Condemnation Law* because the defendant contends that a triable issue of fact exists as to the necessity for plaintiff to condemn defendant's land for purposes of gaining an access route to the site of a sewage treatment plant to be built by plaintiff. We conclude that the correct criteria in this proceeding is not whether a factual issue exists as to necessity of building the plant, but, rather, whether a delay in granting the relief requested will be harmful to the public (Condemnation Law, § 24; *City of Glen Cove v Utilities & Inds. Corp.,* 17 NY2d 205). Despite the fact that the court's decision to grant the order was based on a finding that no triable issues of fact exist, which we deem not the appropriate criteria, the affidavits submitted by plaintiff amply support what must be established in such a proceeding. It is averred that delay would jeopardize Federal and State funding for the project, imperil health by subjecting the village to pollution, and subject the village to fines for violations of various laws, all to the detriment of the public good. Based on these uncontroverted statements, we are impelled to conclude that delay would prejudice the public's interest. The defendant raises an additional procedural issue in the action; namely, that plaintiff has no power to condemn the land which admittedly lies outside its village boundaries without compliance with section 14-1402 of the Village Law. The law, in pertinent part, states: "no such sewer outlet or sewage disposal plant shall be constructed or extended by a village without its limits into another town, village or a city without the consent of the board of trustees, town board, common council or other similar legislative

---

* As this proceeding was commenced prior to July 1, 1978, the Condemnation Law, not the Eminent Domain Procedure Law, applies (EDPL 706, 709).

body of such town, village or city." The supporting affidavits submitted by plaintiff indicate that plaintiff, if it has not already received formal consent from the town, will prevail in the ultimate plan to condemn the land since the town board has indicated its willingness to co-operate with the plaintiff in any way necessary to affect the realization of plans for the treatment plant. Plaintiff has amply demonstrated that it is highly probable that the town's permission will be obtained. Order affirmed, with costs. Greenblott, J. P., Sweeney, Main, Mikoll and Herlihy, JJ., concur.