OPINION OF THE COURT

Per Curiam.

Order entered December 13, 1982, reversed, with $10 costs, motion denied, and petition reinstated.
The lower court dismissed this holdover summary proceeding solely upon the ground that service of process herein, concededly proper in all other respects, was made by an unlicensed process server, in violation of article 43 of chapter 32 of the Administrative Code of the City of New York (§ B32-450.0 et seq., added by Local Laws, 1969, No. 80 of City of New York, Dec. 29, 1969, eff April 1, 1970). This was error and, accordingly, we reverse and reinstate the petition.
Article 43 of the Administrative Code, designed to help curb the abuses of “sewer service” in this city, makes it unlawful, with certain limited exceptions not herein relevant, for any person “to be employed as or perform the *575 services of process server without a license therefor.” Under the provisions of the ordinance, all professional process servers, i.e., those individuals who make “service of five or more process in any one year” (Administrative Code, § B32-451.0), are required to obtain a license from the Department of Consumer Affairs, or face both civil and criminal penalties for failure to do so (see Administrative Code, § 773-1.0 et seq. [License Enforcement Law of 1973]). Authority to enforce the local licensing law is specifically vested with the Commissioner of the Department of Consumer Affairs, whose broad powers in this regard include the right to institute, through the Corporation Counsel, injunctive proceedings to restrain or enjoin any licensing violation (Administrative Code, § 773-5.0, subd d).
Significantly, article 43 contains no provision that service accomplished by an unlicensed process server shall be void. Nor does examination of its sparse legislative history reveal that the lawmakers intended such a harsh result, one which would undoubtedly lead to confusion and uncertainty among parties in the conduct of litigation. In the absence of any such legislative directive, either express or implied, “[otherwise valid service of process should not be made invalid by noncompliance with the code provisions.” Wellington Assoc. v Vandee Enterprises Corp., 75 Misc 2d 330, 333.) While we appreciate the importance of securing strict compliance with the requirements of the licensing law, we believe that result is more appropriately achieved by way of vigorous employment of the wide array of enforcement powers available at the administrative level, and not through the nullification of otherwise proper service made in accordance with the strictures of the CPLR.
Sullivan, J. P., Sandifer and Parness, JJ., concur.