OPINION OF THE COURT
Stuart Namm, J.
Defendant Ferdinand Valero is charged in indictment number 1318-83 with the commission of two counts of *540 kidnapping in the first degree in violation of section 135.25 (subd 2, pars [a], [b]) of the Penal Law. The defendant moves to dismiss the indictment upon several grounds. Some of the arguments made by the defendant are novel and appear to raise questions of first impression. His application is decided as follows:
INSPECTION OF GRAND JURY MINUTES AND RELEASE OF GRAND JURY TESTIMONY
In a prior written decision dated June 20, 1983, this court, after a review of the Grand Jury stenographic minutes, sustained the legal sufficiency of the evidence presented to the Grand Jury in support of the two counts of the indictment. In light of the issues raised by the defendant, the motion to reinspect the stenographic minutes of the Grand Jury is granted. The further request that the Grand Jury testimony of Debra Rogers be released to defense counsel is denied. The court finds that the release of her testimony is not necessary to assist the court in making its determination of the merits of the instant motion. (GPL 210.30, subd 3.)
DISMISSAL OF INDICTMENT ON GROUND OF THE INSUFFICIENCY OF EVIDENCE PRESENTED TO THE GRAND JURY
Defendant argues that the evidence adduced before the Grand Jury was not legally sufficient to establish that the defendant “abducted” or “restrained” Debra Rogers as those terms are defined in the Penal Law. Relying upon a written statement of the complainant, Debra Rogers, attached to the felony complaint and other information available to him, he contends that she (1) entered the defendant’s vehicle voluntarily; (2) was not surreptitiously taken away, by force or threat; (3) was never held or secreted in any place located within Suffolk County; and (4) was never subjected to or threatened with the use of deadly physical force at any time.
Count No. 1 of the indictment reads: “The defendants, each aiding the other, on or about May 14,1983, in Suffolk County, abducted Debra Rogers, and restrained Debra Rogers for a period of more than twelve hours with intent to violate and abuse her sexually.”
*541 Count No. 2 of the indictment reads: “The defendants, each aiding the other, on or about May 14,1983, in Suffolk County, abducted Debra Rogers, and restrained Debra Rogers for a period of more than twelve hours with intent to accomplish and advance the commission of a felony, to wit, Promoting Prostitution in the Third Degree.”
The evidence presented to the Grand Jury was legally sufficient, if accepted as true, to establish every element of the crimes of kidnapping in the first degree in violation of section 135.25 (subd 2, pars [a], [b]) of the Penal Law and clearly established that the alleged victim, Debra Rogers, was both abducted and restrained as each of those terms is defined by the Penal Law. There has been no clear showing by the defendant that the evidence before the Grand Jury, if unexplained and uncontradicted, would not warrant conviction by a trial jury. (People v Dunleavy, 41 AD2d 717, affd 33 NY2d 573.)
“ ‘Abduct’ means to restrain a person with intent to prevent his liberation by either (a) secreting or holding him in a place where he is not likely to be found, or (b) using or threatening to use deadly physical force.” (Penal Law, § 135.00, subd 2.) The term “abduct” is an extremely serious form of the broader term “restrain”, the definition of which is expressly incorporated by reference therein, savoring strongly of the substantial removal, isolation and/or violence usually associated with genuine kidnapping. (Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 35, Penal Law, § 135.00, p 493.)
As it applies to this case, “ ‘Restrain’ means to restrict a person’s movements intentionally and unlawfully in such manner as to interfere substantially with his liberty by moving him from one place to another, or by confining him either in the place where the restriction commences or in a place to which he has been moved, without consent and with knowledge that the restriction is unlawful. A person is so moved or confined ‘without consent’ when such is accomplished by * * * physical force, intimidation or deception”. (Penal Law, § 135.00, subd 1, par [a]; emphasis added.)
Essential to the commission of the crime of kidnapping is the requirement that it occur against the will, or at least *542 without the consent, of the victim. (Marks and Paperno, Criminal Law in NY [2d ed], § 233, p 285.) This requirement is reflected in the Penal Law which provides that the movement or confinement of a person “without consent” may be accomplished by physical force, intimidation or deception. Thus, asportation of the victim, which is a necessary element of kidnapping (People v Levy, 15 NY2d 159, 164), may be accomplished by trick or device, and in the first instance, there need not be a resort to physical force or intimidation.
The evidence adduced before the Grand Jury, if accepted as true, certainly established that the confinement and subsequent movement of Debra Rogers was not accomplished with her consent, but was the product of a successful and deceptive “ruse” employed by the defendant and his accomplice to lure her into his control.'
The uncontradicted and unexplained evidence presented to the Grand Jury reveals that the defendant, Ferdinand Valero, aided by the codefendant, Tiffany Collins, encountered Debra Rogers outside a 7-Eleven store near her home in Lindenhurst, Suffolk County, and falsely offered her $10 to babysit their infant child who was present for a half hour. She was asked to accompany them in their car to their home nearby, and was expressly and repeatedly assured that she would be able to telephone her mother upon arrival at the defendant’s home. If Debra Rogers had known that their true purpose was to abuse her sexually and to exploit her services as a prostitute in New York City, which was later disclosed to her by the defendants, it is reasonable to conclude that she would not have voluntarily left with them. Her initial .confinement and subsequent movement from the 7-Eleven store in Lindenhurst was accomplished by means of a cleverly concocted deception which overcame her ability to consent, or to voluntarily join the defendants. (Penal Law, § 135.00, subd 1, par [a].) If such a scenario is left unexplained and uncontradicted at trial, and if the trial jury accepts this evidence as true, the jury could conclude that the victim was “restrained” by means of such deception.
Once deceptively lured into the defendant’s vehicle, the victim, seated in the front seat between the two defen *543 dants, was then transported through Suffolk County, and eventually was confined under threat in an apartment located in Queens County where she was rescued by law enforcement officials one week later from the custody of the defendants. Clearly, while in the defendant’s vehicle and apartment, she was secreted and held in a place where she was not likely to be found. Her freedom to move was intentionally restricted by this defendant who was aware that his restrictive conduct was unlawful, and who utilized deception, threats and violence to abduct and restrain his victim.
Uncontradicted and unexplained, the evidence adduced before the Grand Jury establishes that Debra Rogers was restrained and abducted by the defendant, Ferdinand Valero, and his accomplice; that the restraint and abduction was accomplished through deception, threats and acts of violence; that she was restrained for a period in excess of 12 hours; and that the defendant, Ferdinand Valero, did physically violate and abuse her sexually and intended to accomplish and advance the commission of a felony, namely, promoting prostitution in the third degree.
Accordingly, the request to dismiss each count of the indictment upon the ground that the evidence presented to the Grand Jury was legally insufficient to support the two counts of kidnapping in the first degree is denied.
DISMISSAL OF INDICTMENT FOR LACK OF JURISDICTION OF THE OFFENSES BY THE COUNTY OF SUFFOLK
Defendant further argues that since the evidence presented to the Grand Jury failed to establish that Debra Rogers was neither restrained nor abducted in the County of Suffolk, the indictment is defective since the court does not have jurisdiction of the crimes charged. (CPL 210.25, subd 2.)
Geographical jurisdiction of a county to prosecute for criminal activity is a question of fact which need not be established beyond a reasonable doubt. “All that is required is that jurisdiction can be fairly and reasonably inferred from all the facts and circumstances introduced into evidence” (Matter of Steingut v Gold, 42 NY2d 311, 316; cf. People v Hetenyi, 304 NY 80, 84).
*544 CPL 20.40 (subd 1, par [a]) confers criminal jurisdiction upon a county when conduct occurred within such county sufficient to establish an element of the crime charged. Uncontradicted and unexplained, the evidence adduced before the Grand Jury permits a fair and reasonable inference that Debra Rogers was both restrained and abducted in Suffolk County and was thereafter transported by defendant’s vehicle to Queens County where the crime continued for a period of one week.
Defendant’s argument that the People are relying upon CPL 20.40 (subd 4, par [g]) in order to obtain jurisdiction is erroneous. This statute which confers jurisdiction upon a county when an offense is committed in a private vehicle during a trip passing through more than one county is limited to instances where it is impossible to determine in what county the offense occurred. (People v Moore, 46 NY2d 1.) The purpose of CPL 20.40 (subd 4) was to cure those situations where strict adherence to the common-law rule often created insurmountable obstacles to prosecution when the sites of the crime could not clearly be identified. (Supra, p 7.)
In this case, the complainant was able to identify the place where she was restrained and abducted by the defendant who merely used an automobile as the instrumentality to accomplish his criminal objective. Thus, the private vehicle trip statute is inapplicable to this case.
Defendant’s request to dismiss the indictment upon the ground that the court lacks the jurisdiction to try the defendant for the crimes of kidnapping in the first degree is denied.
DISMISSAL OF COUNT TWO FOR FAILURE TO CORROBORATE THE FELONY OF PROMOTING PROSTITUTION IN THE THIRD DEGREE
The second count of the indictment charges the defendant with abducting and restraining Debra Rogers for a period of more than 12 hours with intent to accomplish and advance the commission of the felony of promoting prostitution in the third degree. (Penal Law, § 135.25, subd 2, par [b].)
*545 Section 230.35 of the Penal Law provides: “In a prosecution for promoting prostitution, a person less than seventeen years of age from whose prostitution activity another person is alleged to have advanced or attempted to advance * * * shall not be deemed to be an accomplice” (emphasis added).
Citing section 230.35 of the Penal Law, defendant argues that since the complainant was not under 17 years of age, she is deemed to be an accomplice whose testimony must be corroborated before the Grand Jury in order for same to be legally sufficient. (CPL 60.22, 70.10.) Such is certainly not the intent of the statute and defendant reaches this conclusion by means of convoluted logic. The apparent intent of this provision of law is to insure that a prostitute witness under the age of 17 “shall be deemed not to be an accomplice.” (Hechtman, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 230.35, p 189.) Even if it were implicit in the statute that a prostitute is an accomplice of his or her pimp as a matter of law, there has been not one scintilla of evidence presented to the Grand Jury which would warrant the assumption that the complainant was a prostitute, or that the defendant acted as her pimp. There is, however, sufficient uncontradicted and unexplained evidence that the complainant was abducted and restrained by the defendants to promote the crime of prostitution in the third degree. Certainly, the victim of a kidnapping was never intended by the Legislature, implicitly or otherwise, to be deemed an accomplice within the meaning of the law.
CPL 60.22 (subd 2) provides as follows:
“An ‘accomplice’ means a witness in a criminal action who, according to evidence adduced in such action, may reasonably be considered to have participated in:
“(a) [t]he offense charged; or
“(b) [a]n offense based upon the same or some of the same facts or conduct which constitute the offense charged.” (Emphasis added.)
There was no evidence adduced before the Grand Jury from which one could reasonably conclude that Debra Rogers was either a participant in the offense charged, or in any *546 offense even remotely related to the offense charged, i.e., prostitution. Therefore, the testimony of Debra Rogers need hot have been corroborated as a matter of law since she was not an “accomplice” within the meaning of section 230.35 of the Penal Law.
Moreover, section 230.35 of the Penal Law clearly limits the accomplice status to instances where the prosecution is for the crime of promoting prostitution, and the same is inapplicable to the instant prosecution for the crimes of kidnapping in the first degree. Defendant, Ferdinand Valero, is not alleged to have advanced or attempted to advance the prostitution activity of Debra Rogers, but only that he intended to do so in abducting and restraining the complainant. While criminal laws are to be interpreted according to the fair import of their terms, to insure that penal responsibility is not extended beyond the fair scope of the statutory mandate (People v Gottlieb, 36 NY2d 629), this section of the Penal Law is not a penal statute as such. A penal statute is one which inflicts a penalty for its violation. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 273.) Thus, it must be afforded a strict interpretation of its terms since its words are free from ambiguity and express plainly, clearly and distinctly the legislative intent. (McKinney’s Cons Laws of NY, Book 1, Statutes, §76.)
Accordingly, the request to dismiss count No. 2 of the indictment upon the ground that the testimony of Debra Rogers, as an accomplice, must be corroborated, is denied.
DISMISSAL OF. THE INDICTMENT UPON THE GROUND THAT SECTION 135.25 (SUBD 2, PARS [a], [b]) OF THE PENAL LAW IS UNCONSTITUTIONAL
The defendant’s final argument for the dismissal of the indictment is that section 135.25 (subd 2, pars [a], [b]) of the Penal Law is unconstitutional as a violation of the due process clause of both the United States and New York State Constitutions. (US Const, 14th Arndt, § 1; NY Const, art I, § 6.)
Under the provisions of the Penal Law an abduction by itself will not constitute more than a second degree kid *547 napping, a class B felony. (Penal Law, § 135.20.) However, if the restraint continues for more than a 12-hour period, the crime is elevated to the first degree, a class A-I felony. (Penal Law, § 135.25.)
Defendant argues that the statutory presumption that a restraint lasting more than 12 hours (coupled with a specific criminal intent) deserves far more severe punishment than where the restraint lasts for less than 12 hours, is irrational since the 12-hour period is arbitrary. Accordingly, he contends, the classification of kidnapping in the second degree as a class B felony and kidnapping in the first degree as a class A-I felony results in a gross disproportionality of punishment which stems from the 12-hour restraint presumption.
In support of his argument defendant provides several examples to highlight the problem of kidnapping in the context of the commission of other crimes (cf. People v Cassidy, 40 NY2d 763; People v Levy, 15 NY2d 159, supra) and the brevity of the restraint period.
“Statutes are presumed valid and constitutional and the one challenging the statute has the burden of showing the contrary.” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 150, subd b, p 314; cf. Cook v City of Binghamton, 48 NY2d 323.) Accordingly, a heavy burden of demonstrating the unconstitutionality of a statute rests upon the one who asserts it, and he must demonstrate such fact beyond a reasonable doubt. (Martin v State Liq. Auth., 43 Misc 2d 682, affd 15 NY2d 707.) The defendant has failed to meet this burden in his argument that the 12-hour standard in section 135.25 of the Penal Law is arbitrary and has no rational basis.
In People v Levy (supra), the Court of Appeals, establishing the merger doctrine, concluded that restraints, sometimes accompanied by asportation, which are incidents to other crimes, should not be treated as kidnappings. Thus, “It was held in Levy that under the kidnapping statute then in effect (Penal Law, former § 1250) * * * the detention or asportation of a victim for a relatively short time as an incident to robbery should not normally be prosecuted as kidnapping.” (People v Lombardi, 20 NY2d 266, 271.)
*548 Thus, by implication, the Court of Appeals appears to have concluded that there is a rational basis for requiring that the abduction be coupled with a period of restraint for a significant duration before severe penalties can be imposed. However, the period of restraint is not the only factor which elevates an abduction from a class B felony to a class A-I felony. Defendant conveniently glosses over the additional aggravating element that the prolonged abduction was for a specific and intentional criminal purpose. (Penal Law, § 135.25, subd 2.) It is duration of the abduction coupled with a specific criminal intent which distinguishes the crimes of first and second degree kidnapping to warrant the severity of the punishment provided for the higher degree of the crime.
Accordingly, the request to dismiss the indictment upon the grounds that section 135.25 (subd 2, pars [a], [b]) of the Penal Law denies defendant due process of law and is violative of the Federal and State Constitutions is denied.