OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and the determination of the Department of Consumer Affairs reinstated.
 

 After a hearing, petitioner, a licensed process server since 1971, was found guilty of failing to comply with the rules and regulations of the licensing agency, the Department of Consumer Affairs. Specifically, petitioner was found guilty of several counts of failing to keep records in the form mandated by law because of his maintenance of illegible records, his omission of necessary information about process served and his failure to record the type of service effectuated. Additionally, he had filed affidavits of service averring service at a time different from the time recorded in his log and had log notations purporting to record service at different locations at times too close to be true. The Department assessed a fine of $4,900, representing $350 per violation, and revoked petitioner’s license. Petitioner then brought this article 78 proceeding to review the penalty imposed (CPLR 7803 [3]). The Supreme Court held that although the fine was justified, the revocation of petitioner’s license was too severe. The Appellate Division affirmed.
 

 The record-keeping provisions petitioner violated were designed to combat a continuing and pervasive problem of unscrupulous service practices by licensed process servers. These practices deprive defendants of their day in court and lead to fraudulent default judgments. Often associated with
 
 *823
 
 consumer debt collection and landlord-tenant litigation, questionable service practices have their greatest impact on those who are poor and least capable of obtaining relief from the consequences of an improperly imposed default judgment. Accordingly, the Department of Consumer Affairs must depend on the accurate record-keeping practices of its licensees as a means of monitoring the industry and uncovering wrongful practices. Petitioner’s repeated disregard for the strictures of the agency’s record-keeping provisions was a direct violation of the terms of his license and, further, was antithetical to the regulatory goal of assuring honest service practices.
 

 Furthermore, civil litigants must depend on the accuracy of process servers’ records to prove that proper service was or was not made
 
 (see,
 
 Siegel, NY Prac § 79). A process server whose records were illegible, inaccurate and otherwise plainly unreliable lacks credibility. The likely result is that many of the clients of such process servers will be unfairly penalized when they are called upon to prove proper service in traverse hearings. Finally, any attempt by petitioner to suggest that his violation of the licensing agency’s rules was insignificant or a mere "technical” infraction must be deemed unpersuasive in light of the clear regulatory mandate that "[t]he licensee shall at all times strictly and promptly conform to all laws, rules, regulations and requirements * * * relating to the conduct of licensees and the service of process in the State of New York” (New York City Department of Consumer Affairs, reg IV). Petitioner’s inaccurate and evidently false records plainly contravened this rule of strict compliance.
 

 Under this analysis, the penalty of license revocation was not so disproportionate to the offense as to be shocking to one’s sense of fairness
 
 (Matter of Pell v Board of Educ.,
 
 34 NY2d 222, 237). Hence, the determination of the Department of Consumer Affairs imposing that penalty should not have been disturbed.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
 

 Order reversed, etc.