■ In the Matter of ZAIDA FARNHAM, Respondent, v CITY OF NEW YORK et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York City Department of Consumer Affairs, dated March 17, 1986, which, *inter alia,* found the petitioner's conduct as a licensed process server to be in violation of its regulations, and imposed a penalty, the appeal, by permission and as limited by appellants' brief, is from so much of an order and judgment (one paper) of the Supreme Court, Richmond County (Kuffner, J.), dated November 3, 1986, as granted the petition to the extent of annulling the penalty imposed against the petitioner and remitting the matter to the respondent Department of Consumer Affairs for imposition of a new penalty.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs, the penalty imposed by the respondent New York City Department of Consumer Affairs is reinstated and confirmed, and the proceeding is dismissed on the merits.

The petitioner, a licensed process server, was found guilty of numerous violations of the regulations governing process servers, whose activities are licensed and regulated by the respondent, the New York City Department of Consumer Affairs (hereinafter the department). The department imposed a penalty of a license suspension for six months and a $4,125 fine. In this proceeding, the Supreme Court, Richmond County, found the penalty imposed by the department to be an abuse of discretion and remitted the matter for imposition of a

penalty not to exceed a one-month suspension and a total fine of $1,265.

In determining whether a sanction imposed by an administrative agency is too severe, a court should consider whether the penalty is " 'so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness' " (Matter of Pell v Board of Educ., 34 NY2d 222, 233). In the instant case the evidence established that the petitioner routinely failed to comply with 5 departmental record-keeping requirements, that she filed 11 affidavits of service containing information that conflicted with her logs, that she resisted producing her records for review, and that she made unlicensed service of process on 25 occasions. In the light of these circumstances, a six-month suspension and $4,125 fine is neither disproportionate to the offenses nor "shocking to one's sense of fairness".

In addition, courts may legitimately weigh considerations of public policy and deterrence (Schaubman v Blum, 49 NY2d 375, 379). Here, the petitioner's repeated disregard for the strictures of the department's record-keeping provisions, in addition to her inaccurate and unreliable affidavits of service, constituted a direct violation of the terms of her license and was antithetical to the regulatory goal of assuring honest service practices (Matter of Barr v Department of Consumer Affairs, 70 NY2d 821, 823). Mollen, P. J., Thompson, Lawrence and Weinstein, JJ., concur.