*158 OPINION OF THE COURT
John S. Lockman, J.
Upon the foregoing papers it is ordered that the motion by respondents for an order dismissing the petition for lack of subject matter jurisdiction and petitioner’s lack of standing to bring this proceeding is denied. Cross motion by petitioner for an order granting immediate possession of the condemned property, or in the alternative for an order granting petitioner access to the parcel and directing respondents to relocate a mobile trailer now situated on the parcel to any other location which will allow petitioner to commence and/or continue construction of the Sound Cable Project at this site, immediately but no later than December 30, 1989, is granted.
This proceeding brought under EDPL 405 and RPAPL article 7 concerns property acquired by the State of New York for the benefit of the Power Authority for the construction of the Sound Cable Project, an underground and underwater project to bring electricity from Westchester to Long Island.
Respondent condemnees move to dismiss on the grounds that the proceeding is not authorized under RPAPL article 7, citing section 713 which specifies 11 cases other than the conventional landlord-tenant for which a summary proceeding is authorized. An action by a condemnor is not listed. Petitioner, on the other hand, relies upon EDPL 405 (A) which provides that the condemnor "may cause * * * possession to be delivered to it, pursuant to the procedures of the landlord tenant law”.
The apparent inconsistency between the EDPL and the RPAPL is resolved by reference to EDPL 705 which states: "Notwithstanding any inconsistent provisions of law, general or special, the provisions of this law shall be controlling * * * on and after the effective date of this law”.
The EDPL, enacted in 1977, provides a comprehensive and uniform procedure for the acquisition of property in eminent domain, and eliminated numerous prior and conflicting provisions applicable thereto (see generally, Legislative Bill Jacket, L 1977, ch 839).
The Governor’s memorandum approving the bill noted, "As in any undertaking of this magnitude, error and oversights are likely to occur” (1977 McKinney’s Session Laws of NY, at 2529). The failure to add a condemnor/condémnee proceeding *159 to the list contained in RPAPL 713 and 721 is just such an oversight, and was anticipated by the legislative enactment of EDPL 705. Accordingly, the motion to dismiss is denied.
Turning to petitioner’s motion for immediate possession, the court notes that respondents are correct. The Condemnation Law, which was superseded by the Eminent Domain Procedure Law, contained a provision for temporary possession when the public interest would be prejudiced by delay (former Condemnation Law § 24).
There is little doubt that here the public would be prejudiced by delay, as delay would cause the target date of June 1, 1991 to be pushed back resulting in the possibility of summer peak usage brownout, as well as an alleged additional $1,800,000 in costs to complete the project for as little as a two-month delay. Respondents do not seriously contest the public prejudice issue, but rather argue that the EDPL contains no provision which is analogous to section 24 of the former Condemnation Law. However, respondents are in error in this regard as EDPL 402 (B) (6) provides the identical relief stating, "When it appears to the satisfaction of the court at any stage of the proceedings, that the public interests will be prejudiced by delay, it may direct that the condemnor be permitted to enter immediately upon the real property to be taken, and devote it temporarily to the public use specified in the petition, upon the deposit with the court of a sum to be fixed by the court”. Thus, contrary to respondents’ contention, the case law relied upon by petitioner is pertinent and supports the claim for immediate possession. (See, City of Glen Cove v Utilities & Indus. Corp., 17 NY2d 205; Incorporated Vil. of Philmont v Glazik, 75 AD2d 656.)
Insofar as respondents alternately argue that petitioner’s status as titleholder somehow diminishes the rights it had before title vested, the argument is rejected. If petitioner is entitled to immediate possession prior to the vesting of title, i.e., "for temporary occupancy during construction” (EDPL 404), its rights cannot be diminished thereafter by the vesting of title. (EDPL 402 [A] [2].)
Petitioner has previously deposited $919,450 with the State Comptroller to compensate the respondents. Accordingly, a further deposit will not be required as respondents are adequately protected. Petitioner is given the right of entry and *160 respondents are directed to move the trailer which impedes construction or allow it to be moved by the petitioner, pending the outcome of this proceeding.
All parties are directed to appear for a certification conference on January 11, 1990 at 9:30 a.m. in chambers.