OPINION OF THE COURT
Salvador Collazo, J.
Petitioner commenced a commercial summary nonpayment *902 proceeding against respondent, a commercial tenant who occupies a suite within the subject premises, pursuant to a written lease agreement. Respondent moved to dismiss, alleging, inter alla, lack of personal jurisdiction. This court granted a traverse hearing, which was conducted on May 30 and June 3, 1991.
Petitioner’s sole witness for the traverse hearing was their counsel’s in-house process server, Jamie Emeric. During the cross-examination phase of the hearing, the process server was asked to produce his log/record book in regard to his purported service of process on respondent. Mr. Emeric responded that he did not have within his possession the log/record book for the service of process due to its alleged theft from his car. At the conclusion of the hearing, respondent moved for dismissal. The decision of the court is as follows:
Mr. Emeric is a process server as defined by title 20, subchapter 23, § 20-404 of the Administrative Code of the City of New York. Pursuant to General Business Law, article 8, § 89-c (1), it is required that a process server "maintain a legible record of all service of process made by him”. These records must be kept for a period of two years from the date of service. (General Business Law § 89-c [6].)
The above statutory requirements have been further augmented by a recent amendment to the Uniform Rules for Trial Courts governing practice before the Civil Court of New York City. 22 NYCRR 208.29, effective as of January 1, 1991, provides as follows: "208.29 Traverse hearings. Whenever the court has scheduled a hearing to determine whether process was served validly and timely upon a party, and where a process server will testify as to the service, the process server shall be required to bring to the hearing all records in the possession of the process server relating to the matter at issue. Where the process server is licensed, he or she also shall bring the license to the court.”
Under the facts of the case herein, the process server has simply testified that his service of process record book was stolen from his car. This self-serving statement is simply without merit. The process server did not produce a verifying police report or any other probative evidence regarding the purported whereabouts of the records. Because the process server had notice and was required by law to maintain records, this court has not imposed an undue burden on the petitioner in requiring its process server to present the rec *903 ords of service at the traverse hearing; especially in view of the fact that the process server is essentially an agent of the petitioner.
Petitioner, on the other hand, contends that the statute and accompanying rules and regulations as enacted, do not call for strict compliance and/or the draconian result of dismissal for noncompliance. In support of his contention he cites 22 NYCRR 208.1 (b) of the Uniform Rules for Trial Courts, which reads as follows: "For good cause shown, and in the interests of justice, the court in any action or proceeding may waive compliance with any of these rules”.
However, this court finds good cause has not been shown and that there exists a strong public policy to support the rules and regulations governing service of process. As such, it upholds the contention that strict compliance is in fact required when the issue concerns the propriety of service of process. (See, Tuerkheimer, Service of Process in New York City, 72 Colum L Rev 847 [1972].) The Court of Appeals in Matter of Barr v Department of Consumer Affairs (70 NY2d 821) has in fact dealt with this very issue of compliance by process servers of the rules and regulations concerning their practice. In Barr (supra, at 823), the court held as follows: "civil litigants must depend on the accuracy of process servers’ records to prove that proper service was or was not made * * * A process server whose records were illegible, inaccurate and otherwise plainly unreliable lacks credibility.”
The principles enumerated in Barr (supra) regarding the responsibility of a process server and the courts’ ability to enforce public policy underlying service of process regulations are analogous to the case at bar. Courts must strictly uphold compliance by process servers with the regulations to soundly effectuate a public policy that prevents questionable service practices. As a result of such legislative (administrative) intent this court is inclined to prevent proliferation of improper service of process through dismissal of a case, thereby holding the petitioner responsible for the process server’s records.
Subsequent to the dismissal of this matter, petitioner submitted a request by letter-memorandum for this court to reconsider its ruling. Petitioner supports its contention by citing Feierstein v Mullan (120 Misc 2d 547).
However, Feierstein v Mullan (supra) is distinguishable from the case at bar. The Appellate Term stated that the service of process was "concededly proper in all other respects,” but for *904 the fact that service was performed by an unlicensed process server (supra, at 574). Based on the traverse hearing conducted before this court, petitioner had yet to prove, and this court had yet to determine if in fact service of process was properly effectuated in view of the fact that the process server’s log book, which would have listed the process server’s activities for the date of the service of process, was missing. Furthermore, the case at bar is distinguishable from Feierstein v Mullan, based upon the promulgation of 22 NYCRR 208.29, effective as of January 1, 1991. Therefore, unlike Feierstein, this court had an express directive in which to structure its traverse hearing. Petitioner’s failure to show good cause for noncompliance with section 208.29 prevented this court from determining that process was validly served.
Therefore, this court holds that 22 NYCRR 208.29 as promulgated requires strict compliance and the failure to show good cause for noncompliance results in a dismissal of the underlying cause of action for lack of jurisdiction. Accordingly, respondent’s request to reconsider the dismissal is denied.