OPINION OF THE COURT
Charles A. LaTorella, Jr., J.
In this mortgage foreclosure action, defendant homeowner moves to dismiss the complaint, alleging lack of personal jurisdiction. The defendant contends that the court never acquired jurisdiction over him because service of process was improper. It is asserted that the process server, licensed in the City of New York, failed to comply with General Business Law § 89-cc and 6 RCNY 2-233, promulgated by the Department of Consumer Affairs. This court granted a traverse hearing.
The question presented is whether computer records comply with the precise record-keeping requirements of General Business Law § 89-cc and 6 RCNY 2-233. This court holds that they do not, and that service was therefore invalid. If computer records are to be acceptable, it is the Legislature which must declare them so.
At the traverse hearing, the process server, Ms. Annie McCargo, produced a computer-generated “log book.” All but one of the pages are attached in accordion fashion as a result of a single continuous printout. The pages are secured in a binder. Ms. McCargo testified that data entries were made by the office that employed the process server, rather than by the process server herself. There was no system in place for verification of data accuracy.
Both section 89-cc of the General Business Law, entitled “process server records,” and section 2-233 of the Department of Consumer Affairs Regulations (6 RCNY) governing licensed process servers, set forth very detailed, precise requirements for the keeping of records by licensed process servers. Their *525 underlying purpose is to prevent and deter the abuses inherent in “sewer service.” The latter term refers to a practice of filing false affidavits of service, when in fact no service at all was accomplished.
The statute (General Business Law § 89-cc) provides that a licensed process server maintain and produce a log book detailing service of process, stating in relevant part:
“1. Each process server shall maintain a legible record of all service made by him as proscribed in this section. Such records shall be kept in chronological order in a bound, paginated volume. Corrections in records shall be made only by drawing a straight line through the inaccurate entry and clearly printing the accurate information directly above the inaccurate entry. All other methods of correction, including but not limited to erasing, opaquing, obliterating or redacting, are prohibited.” {See also 6 RCNY § 2-233 [2000].)
The purpose of these record-keeping provisions was to “substantially enhance the State’s ability to combat the continuing problem of process serving abuse known as ‘sewer service.’ ” (Mem of Senator Martin J. Knorr, Process Serving Abuse “Sewer Service,” 1986 NY Legis Ann, at 180; Mem of NYS Dept of Law regarding Senate Bill S 8408-C, July 15, 1986, Bill Jacket, L 1986, ch 340; letter from Assembly Member Catherine Nolan to Evan A. Davis, Executive Chamber State Capitol, July 14, 1986, Bill Jacket, L 1986, ch 340.)
As indicated above, sewer service occurs when a process server discards court papers and claims they were duly served, recording a fictitious date and time of service in the log and in the court affidavits of service. (Mem of Senator Martin J. Knorr, Process Serving Abuse “Sewer Service,” 1986 NY Legis Ann, at 180; Mem of NYS Dept of Law, July 15, 1986.) Such practices deprive defendants of their day in court and lead to fraudulent default judgments. (See Matter of Barr v Department of Consumer Affairs, 70 NY2d 821, 822 [1987].)
Compliance with regulations governing service of process by licensed process servers is strictly enforced. (See Barr v Department of Consumer Affairs, 70 NY2d 821, 822, 823 [1987]; InterOcean Realty Assocs. v JSA Realty Corp., 152 Misc 2d 901, 903 [Civ Ct, NY County 1991].) The procedural requirements help to ensure reliability of the records by making any failure to comply with them unlawful. (See Mem of NYS Dept of Law, July 15, 1986.)
*526 In the present case, the process server produced a computer-generated log book. All but one of the pages are attached in accordion fashion as a result of a single continuous printout. The pages are secured in a binder. Data entries were made by the office that employed the process server, rather than by the process server herself. There was no system in place for verification of data accuracy.
The statute is very clear as to how corrections should be handled. A single straight line should be drawn through the inaccurate entry, and the correction made directly above. All other methods of correction are prohibited. With a computer record, entire entries can be altered, deleted, or added within minutes at any time, even just prior to the traverse hearing. There is no indication of when the printout was made. Furthermore, even if there were an indication as to when it was printed, there is no guarantee the entry was truthful. The log, as it exists, can easily be altered to meet the requirements of the process server. Once a revised version of the computer log is printed out and inserted there would be no evidence of such alterations. A viewer would have no way of knowing if or when it had been changed. As such, the “log book” presented in this case does not comply with the statutory requirements. These computer records are therefore unreliable when measured against the statutory criteria.
Testimony of a process server who fails to keep records in accordance with statutory requirements cannot be credited. (See Barr, 70 NY2d at 822-823; Inter-Ocean Realty Assocs. v JSA Realty Corp., 152 Misc 2d 901, 903 [Civ Ct, NY County 1991].) Many months passed between the time of alleged service and the traverse hearing. The unaided memory of the process server, who may have served hundreds of people in the interim, is unreliable. The plaintiff has the burden of proving jurisdiction by a preponderance of credible evidence. In this case, the plaintiff has not met this burden in producing a process server whose records do not conform with statutory requirements.
Furthermore, the process server failed to comply with the rules of the court regarding production of records at a traverse hearing. Uniform Rules for Trial Courts (22 NYCRR) § 208.29 states:
“Whenever the court has scheduled a hearing to determine whether process was served validly and timely upon a party, and where a process server will testify as to the service, the process server shall *527 be required to bring to the hearing all records in the possession of the process server relating to the matter at issue.”
Although, according to 22 NYCRR 208.1 (b), the court has discretion to waive compliance with any of the rules, strict compliance is necessary when propriety of service is at issue. (See Inter-Ocean Realty Assocs., 152 Misc 2d at 903.) To prevent proliferation of improper service of process, a failure to show good cause for noncompliance with section 208.29 should result in a dismissal of the underlying cause of action for lack of jurisdiction (ibid).
In a number of cases, compliance with 22 NYCRR 208.29 has been strictly enforced. In Rose Assocs. v Becker (153 Misc 2d 900 [Civ Ct, NY County 1992]) the court held that dismissal is required when there is a failure to produce all records in the process server’s possession relating to the service. The process server in Rose Assocs. brought his log book to the traverse hearing, but neglected to bring his note sheets made concurrently with service of process. See also Silvestri v Mandell (NYLJ, Dec. 18, 1991, at 24, col 6 [Civ Ct, Kings County]) holding that dismissal was warranted based on the process server’s failure to produce the records required by the court rules. In Silvestri, a process server failed to produce his license or a bound, paginated volume of records. Instead he claimed his license had been stolen. He brought three loose pages of records to the traverse hearing. The court reasoned that although there was no suggestion that the process server falsified his records or testified untruthfully about the service he made, to uphold the service would violate the strong public policy underlying the regulation governing service of process.
Plaintiff relies on Feierstein v Mullan (120 Misc 2d 574 [App Term, 1st Dept 1983]) in which the court concluded service accomplished by an unlicensed process server shall not be void. However, as pointed out in Inter-Ocean (152 Misc 2d at 904), the regulation (22 NYCRR 208.29) was enacted after Feierstein. The Feierstein holding was based solely on an examination of the administrative code, and is therefore distinguishable from this case. Plaintiff argued, without citation to specific authority, that the Department of Consumer Affairs finds computer-generated records acceptable, but this argument is not persuasive when considering the jurisdiction of this court.
Service of process was defective. The traverse is sustained.