OPINION OF THE COURT
Reginald A. Boddie, J.
After oral argument, respondent’s motion is decided as follows:
Petitioner, State of New York, commenced this proceeding by filing a holdover notice of petition and petition seeking possession of the property located at 26 Cherry Street, Brooklyn, New York, as condemnor to evict the present respondent occupant, Sunny Lumber Supply NY, Inc., described herein as condemneeoccupant, on the ground that petitioner is the rightful owner of the property under eminent domain law, having acquired such under section 30 of the Highway Law and section 402 of the Eminent Domain Procedure Law. The instant taking is for a public project known and referred to as the Kosciuszko Bridge Project.
After answering, respondent moved for “summary judgement dismissal of the petition,” citing CPLR 3211 (a) (2), (3), (4), (7) and (8). Specifically, respondent alleged, inter alia, that the Civil Court has no jurisdiction over such condemnation matters, the State has no authority to sue, the pleading fails to state a cause of action, there is a related proceeding pending in the Court of Claims for monetary relief, and the court lacks jurisdiction over the respondent.
*592 Petitioner opposed the motion on the ground that it is the owner of the property, the proceeding for eviction was properly commenced in Civil Court, just compensation in the amount of $2,507,999.29 was paid to respondent or posted on its behalf, as required by statute, and that, in any event, the respondent filed a release on petitioner’s behalf regarding compensation.
As an initial matter, CPLR 3212 (b) requires that
“[a] motion for summary judgment shall be supported by affidavit, by a copy of the pleadings and by other available proof, such as depositions and written admissions. The affidavit shall be by a person having knowledge of the facts; it shall recite all the material facts; and it shall show that there is no defense to the cause of action or that the cause of action or defense has no merit.”
Here, respondent failed to annex the pleadings to its motion, as well as an affidavit from a person with personal knowledge. Therefore, the papers are defective, and the court declines to treat this motion as one for summary judgment (CPLR 3211 [c]).
Further, to sustain a lack of personal jurisdiction defense on the ground that service was not proper, it is well established that to warrant a hearing the allegations should be made in a sworn statement by the respondent, not its attorney, as here (Frankel v Schilling, 149 AD2d 657 [2d Dept 1989]; Skyline Agency v Coppotelli, Inc., 117 AD2d 135 [2d Dept 1986]). The court also notes that even if the papers were proper in form, previous courts have held that “the failure in the affidavit of service to allege the true facts of . . . nonparty status [as asserted here] will not invalidate otherwise proper service of process” (Wellington Assoc. v Vandee Enters. Corp., 75 Misc 2d 330, 333 [Civ Ct, NY County 1973]; see also Feierstein v Mullan, 120 Misc 2d 574 [App Term, 1st Dept 1983]). Accordingly, no hearing is warranted, and the motion to dismiss on the ground of improper service is denied.
Regarding respondent’s motion to dismiss for lack of subject matter jurisdiction, petitioner here correctly notes that EDPL 405 (A) permits a condemnor to cause possession to be delivered to it under the landlord/tenant law separate and apart from any underlying proceedings in the Court of Claims for additional compensation. Specifically, EDPL 405 (A) provides:
“If the condemnor has a right to possession of real property as provided for in this law, and the condem *593 nor shall deem it necessary to cause the removal of a condemnee or other occupant it may cause such condemnee or other occupant to be removed therefrom and possession to be delivered to it, pursuant to the procedures of landlord and tenant law, or by application to the supreme court in which the proceeding is pending for a writ of assistance for possession or pursuant to other law, except that no condemnee shall be required to surrender possession prior to the condemnor’s payment to him of its advance payment or the deposit of such amount in accordance with article three of this law, unless the condemnee has not complied with section three hundred two of this law” (emphasis added).
At oral argument, respondent effectively conceded petitioner is the owner of the premises by condemnation. Respondent however asserted, even if petitioner is the rightful owner, respondent was not paid, therefore the action cannot proceed. This argument lacks merit for two reasons. First, respondent does not dispute that $2,507,999.29 was either paid by the petitioner for possession or deposited, as required by EDPL 405 (A). Second, although respondent alleged entitlement to compensation, petitioner alleged respondent signed a release relinquishing any rights and interests in the premises as a lessee of the premises and owner of fixtures thereon to 513 Porter Avenue, LLC. Therefore, it cannot be disputed that petitioner complied with EDPL 405 (A), as is relevant to the instant proceeding for eviction.
As the court explained in Commissioner of Transp. v VA.S.T. Resources (146 Misc 2d 157, 158-159 [Sup Ct, Nassau County 1989]),
“The EDPL, enacted in 1977, provides a comprehensive and uniform procedure for the acquisition of property in eminent domain, and eliminated numerous prior and conflicting provisions, applicable thereto (see generally, Legislative Bill Jacket, L 1977, ch 839).
“The Governor’s memorandum approving the bill noted, ‘As in any undertaking of this magnitude, error and oversights are likely to occur’ (1977 McKinney’s Session Laws of NY, at 2529). The failure to add a condemnor/condemnee proceeding to the list contained in RPAPL 713 and 721 is just such an oversight, and was anticipated by the legislative enactment of EDPL 705.”
*594 Further, RPAPL 701 (1), in relevant part, provides that “[a] special proceeding to recover real property may be maintained in . . . a court of civil jurisdiction in a city.” Accordingly, the court finds the instant proceeding to evict a condemnee from real property, seeking a judgment of possession only, may properly be maintained in Civil Court. Therefore, respondent’s motion seeking to dismiss on the ground that this court lacks subject matter jurisdiction over such an eviction proceeding is denied.
Respondent also moves to dismiss for failure to state a cause of action. The standard applied to a CPLR 3211 (a) (7) motion to dismiss is whether the pleading states a cause of action (Elmhurst Dairy, Inc. v Bartlett Dairy, Inc., 97 AD3d 781, 783 [2d Dept 2012] [citations omitted]). Accepting the facts alleged in the complaint as true, and according plaintiff every possible favorable inference, the court must “determine only whether the facts as alleged fit within any cognizable legal theory” (id.). When evidentiary material is submitted in support of a 3211 (a) (7) motion, the court must determine whether there is a cause of action, not just whether one is stated in the pleading (id.). Here, petitioner has properly alleged facts in its petition sufficient to maintain this proceeding as required by RPAPL 741, as well as complied with EDPL 405 (A), and served the requisite predicate notice to quit required by RPAPL 713. Therefore, the motion to dismiss for failure to state a cause of action is also denied.
Respondent also seeks to have the instant proceeding dismissed pursuant to CPLR 3211 (a) (4), on the ground that there is a pending matter between the parties in the Court of Claims in which respondent requests monetary relief. Notably, CPLR 3211 (a) (4) permits, but does not require, dismissal when there is a pending action between the same parties for the same cause of action in another court.
It cannot be disputed that in actions commenced against the State, jurisdiction is exclusively conferred on the Court of Claims. This limitation results from the fact that a lawsuit against the State requires a waiver of sovereign immunity and the State, in making the waiver, has conditioned it on the Court of Claims having exclusive jurisdiction (Court of Claims Act §§ 8, 9; Siegel, NY Prac § 12 [5th ed]). However, the State is not precluded from filing suit against parties in other forums, as here. Furthermore, the matter alleged to be pending in the *595 Court of Claims involves respondent’s cause of action for monetary relief, and not petitioner’s cause of action for possession of real property, as here. Therefore, respondent’s motion to dismiss the petition, pursuant to CPLR 3211 (a) (4), is also denied.
For all of the reasons indicated herein, respondent’s motion is denied in entirety. This decision is without prejudice to any claims of either party currently pending in the Court of Claims.