OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed, without costs, and the branch of occupant’s motion seeking summary judgment dismissing the petition is denied.
In this summary proceeding by the Commissioner of Transportation, a condemnor, to remove a condemnee occupant {see Highway Law § 30 [7]; EDPL 405; RPAPL art 7) from property acquired for the Kosciuszko Bridge Project, petitioner appeals from an order of the Civil Court which granted the branch of a motion by occupant seeking summary judgment dismissing the petition.
Contrary to occupant’s contention and the Civil Court’s determination, CCA 1809-A does not bar petitioner from maintaining this summary proceeding in the Civil Court. By its terms, section 1809-A applies only to commercial claims brought under article 18-A of the New York City Civil Court Act and has no application to summary proceedings. The Civil Court has subject matter jurisdiction over summary proceedings by virtue of CCA 204 {see also RPAPL 701).
Occupant’s claim that petitioner lacks standing to maintain this proceeding because petitioner is not a party listed in RPAPL 721 as a person who may maintain a proceeding also lacks merit. Section 30 of the Highway Law expressly authorizes the Commissioner of Transportation to commence proceedings pursuant to EDPL 405 to recover possession of property acquired by the State for the construction or reconstruction of state highways and further provides that the “proceeding shall be brought in the name of the commissioner of transportation as agent of the state” (Highway Law § 30 [7]). In addition, the Eminent Domain Procedure Law grants authority to a condemnor to “cause [a] condemnee or other occupant to be removed [from condemned real property] and possession delivered to [the condemnor], pur *77 suant to the procedures of landlord and tenant law” (EDPL 405 [A]). In view of these provisions, petitioner has standing to maintain an RPAPL article 7 proceeding, notwithstanding the legislature’s failure to amend RPAPL 721 so to provide (see Commissioner of Transp. v Sunny Lbr. Supply NY, Inc., 40 Misc 3d 590 [Civ Ct, Kings County 2013]; Commissioner of Transp. v V.A.S.T. Resources, 146 Misc 2d 157 [Sup Ct, Nassau County 1989]; see generally EDPL 705).
Contrary to occupant’s further contention and the Civil Court’s further determination, petitioner’s failure to plead the giving of the 90-day notice required for evictions with respect to federally assisted real property acquisition programs (see 42 USC § 4651 [5]; 49 CFR 24.203 [c]) does not require the dismissal of the petition, since “[pleading compliance as distinguished from proof of compliance with the regulations is not a condition precedent to maintaining a proceeding brought pursuant to article 7 of the Real Property Actions and Proceedings Law” (Matter of Olean Urban Renewal Agency v Herman, 50 AD2d 1081, 1082 [1975] [emphasis omitted]).
Accordingly, the order is reversed and the branch of occupant’s motion seeking summary judgment dismissing the petition is denied.
Pesce, PJ., Weston and Rios, JJ., concur.