### KATZ v. ALVORD et al.

(Supreme Court, Appellate Term, First Department. November 8, 1912.)

LANDLORD AND TENANT (§ 231*)—BURDEN OF PROOF—EVICTION.

    In an action upon a lease against the guarantor of the lessee for unpaid rent, the burden is upon the defendant to establish that an act of eviction complained of was done by the landlord, or under his authority.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 926–934; Dec. Dig. § 231.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Samuel N. Katz against Thomas G. Alvord, Jr., and another. Judgment for defendants, and plaintiff appeals. Reversed.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Julius Miller, of New York City, for appellant.
Jacob Langsam, of New York City, for respondents.

SEABURY, J.   This action was brought to recover the sum of $75, alleged to be due under a written guaranty signed by the defendants.   The guaranty contains the following provisions:

"In consideration of the letting of the premises within mentioned to Gramercy Exchange, and the sum of one ($1.00) dollar to us paid by Samuel N. Katz, we, Thomas G. Alvord, Jr., and J. Russell Hundley, do hereby covenant and agree to and with the said Samuel N. Katz that if default shall at any time be made by the said Gramercy Exchange, in payment of the rent and the performance of the covenants contained in the within lease, that we will well and truly pay the said rent, or any arrears thereof that will remain due, to the said Samuel N. Katz, and all other damages that may arise in consequence of the nonperformance of said covenants, without requiring notice of such default from the said Samuel N. Katz."

The Gramercy Exchange defaulted in the payment of the sum of $75 due under the terms of the lease on March 1, 1912.   The defense was that the plaintiff, as landlord, had, by his act or the act of his agent, evicted the tenant, the Gramercy Exchange, prior to March 1, 1912.   The evidence is insufficient to establish the defense urged.   So far as the record discloses, the act complained of was done without the authority, consent, or connivance of the landlord. A lease would be of little value, if the acts of a stranger, which interfered with the actual possession or beneficial enjoyment of the premises by the tenant, could be imputed to the landlord.   The burden was upon the defendant to establish that the act complained of was done by the landlord, or under his authority.   This burden the defendants failed to sustain.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event.   All concur.