OPINION OF THE COURT
Charles E. Ramos, J.
This traverse proceeding raises the issue of whether or not a defendant may be estopped from asserting that personal service pursuant to CPLR 308 (subd 2) was defective.
This is an action for medical malpractice. The defendants, Justo P. Lozada (hereinafter Lozada) and New York Anesthesiology Group (hereinafter Group) seek to dismiss the complaint as against them, with prejudice, on the grounds of improper service and the fact that the Statute of Limitations has expired as regards the claims against them.
The facts are that service was made pursuant to CPLR 308 (subd 2) by delivery of two copies of the summons and complaint to a person of suitable age and discretion at 2 Penn Plaza, New York, New York, suite 1500. This address was not the actual place of business of either defendant, it *352 was the address of a billing service that rendered bills and collected payments on behalf of the defendants.
However, as is becoming more and more common in our society, the plaintiff’s sole communication from the defendants was the bill rendered on the defendants’ behalf by the computerized billing service. Unlike other medical services, it is rare that there be any personal relationship between an anesthesiologist and his patient, and here there was no such relationship.
The plaintiff contends that the defendants should be estopped from asserting that 2 Penn Plaza was not the actual place of business because the defendants were the ones holding out this address to the plaintiff as one of their business addresses.
This court is convinced that the plaintiff must prevail. In the first instance, the business conducted by the defendants is not the gratuitous rendering of medical services. Defendants expect to be paid for their services and although no medical services are performed at 2 Penn Plaza, it is clear that a most important part of their business is conducted, by agents, at 2 Penn Plaza, suite 1500.
Secondly, by having set forth as their address the prestigious location of 2 Penn Plaza, without any explanation that it is the address of a billing service only, defendants have cloaked the billing service with apparent authority to receive service of process on behalf of themselves. “[M]anifestations of the principal to the other party to the transaction are interpreted in light of what the other party knows or should know instead of what the agent knows or should know”. (Restatement, Agency 2d, § 49, subd [a].)
The defendant Lozada also contends that as of the date of service, he was no longer a partner, and that therefore service upon the partnership was not service upon him and vice versa. This contention is also rejected. This claim arose out of a transaction that occurred while he was a partner and service was made at a time when not only were partnership affairs still being wound up, but also at a time when the documents filed by the defendants with the county clerk clearly indicated that Dr. Lozada was still a partner of the Group.
*353 Service of the summons and complaint was proper on both moving defendants. The motion to dismiss is denied in all respects and the first and third affirmative defenses are hereby stricken.