■ PEDRO SEDA, Respondent, v ARMORY ESTATES, LTD., Appellant. (And a Third-Party Action.)—In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Williams,

J.), dated December 15, 1986, which granted the plaintiff's motion to strike the defendant's affirmative defenses of lack of jurisdiction and the Statute of Limitations.

Ordered that the order is affirmed, with costs.

On June 5, 1981, the plaintiff, a general construction laborer employed by the third-party defendant, was injured when he fell into an elevator shaft on premises owned by the defendant which were under construction.

The issue of whether the plaintiff obtained jurisdiction over the defendant by service of summons and complaint pursuant to CPLR 311 (1) was resolved in the plaintiff's favor after a traverse hearing held on September 24, 1986. We agree that the service was proper.

At the traverse hearing, Harrison Admire, a licensed process server with more than 15 years' experience, testified that on December 3, 1981, he served Armory Estates, Limited by leaving the summons and complaint with the managing agent, Lorraine Wheat. Admire was permitted to refresh his memory from the affidavit of service prepared the next day, but had some independent recollection of facts surrounding the service not included in the affidavit.

Admire said he would have first asked the question, "Is this Armory Estates?" He then learned Wheat's name and that she was authorized to accept service for the defendant by asking her. Admire then handed the summons and complaint to Wheat and left.

Ronald A. Bleecker, who identified himself as the comptroller of Next City Corporation, the sole owner of the shares of the defendant, testified at the hearing that Next City and the defendant had the same president and shared the same office. He identified Lorraine Wheat as a receptionist employed by Next City but stated that Wheat had no connection with the defendant and was not authorized to accept service for any corporation. Bleecker, while denying he was an employee of the defendant, admitted that he had represented the defendant at an examination before trial held in this action, and when asked about another wholly owned subsidiary of Next City denied that the subsidiary had a relationship with the defendant but later admitted that the subsidiary was in fact the managing agent of the defendant.

There was no testimony at the hearing that the delivery of the summons and complaint did not occur as the process server said it did and the hearing court so found.

Under these circumstances, any confusion concerning the

proper person to be served pursuant to CPLR 311 (1) occurred because of the internal circumstances of defendant *(see, Cirillo v United Skates,* 120 Misc 2d 682, 686; *see also, Central Savannah Riv. Area Resource Dev. Agency v White Eagle Intl.,* 117 Misc 2d 338, *affd* 110 AD2d 742).

Even assuming that Wheat was solely employed by Next City, the circumstances of employment made it reasonable for Admire to accept that she was in fact authorized to accept process on behalf of the defendant and was not an outsider *(cf., McDonald v Ames Supply Co.,* 22 NY2d 111, 116).

In fact, the defendant did receive the process, as evidenced from its interposition of an answer to the complaint. The summons and complaint that the defendant received were the ones served on Wheat, who in turn had handed the papers to Bleecker, an officer of the defendant's parent corporation *(see, Fashion Page v Zurich Ins. Co.,* 50 NY2d 265, 271-273; *see also, Belofatto v Marsen Realty Corp.,* 62 Misc 2d 922).

The dismissal of the defendant's affirmative defense of lack of jurisdiction was therefore proper.

The defendant also appeals the dismissal of his affirmative defense of the Statute of Limitations. The plaintiff successfully moved to amend his complaint to add claims based on Labor Law violations. The order permitting amendment has not been appealed. The amendment simply permitted the interposition of a new theory of recovery based on the same occurrence relied on in the original complaint. Therefore, the Labor Law claims should relate back to the service of the original complaint *(see,* CPLR 203 [e]; *see also, Duffy v Horton Mem. Hosp.,* 66 NY2d 473, 477; *Caffaro v Trayna,* 35 NY2d 245, 249-250; *Frattura v Cozzolino Constr. Co.,* 63 AD2d 1098, 1099). Bracken, J. P., Weinstein, Rubin and Sullivan, JJ., concur.