■ NORA PECK et al., Respondents, v MARIA REGINA CHURCH, Appellant, et al., Defendant.—In a negligence action to recover damages for personal injuries, etc., the defendant Maria Regina Church appeals from an order of the Supreme Court, Nassau County (Christ, J.), dated March 13, 1989, which denied its motion to dismiss plaintiffs' complaint for lack of jurisdiction.

Ordered that the order is affirmed, with costs.

At a hearing, Donnie Ray Johnson, the process server,

testified that on September 2, 1986, at approximately 4:30 P.M., he went to the Maria Regina Church, the appellant corporation, with a summons and complaint. Johnson asked the assistant pastor, Father Heenan, if the papers could be served upon him, and Father Heenan replied that they could. Father Heenan accepted the papers in his office at the church rectory. Johnson had attempted to effect service on two prior occasions.

During the hearing, Father Heenan could not recall receiving papers as the plaintiffs' process server claimed. Father Brassil, the pastor, testified that he was the only resident corporate official with authority to accept the papers, that he found the summons and complaint on his desk in the rectory on September 2, 1986 at about 4:30 P.M., and that upon inquiry to the secretarial staff, he could not ascertain how they arrived there. He then informed legal counsel of the summons and complaint.

There was no testimony offered at the hearing to contradict the testimony of the process server and the hearing court so found.

The evidence adduced at the hearing was sufficient to meet the plaintiffs' burden of showing that in each instance the plaintiffs' process server acted reasonably and with due diligence under the circumstances and that the manner of service objectively viewed was calculated to, and did give the corporate appellant, fair notice of the commencement of the action (see, CPLR 311 [1]; *Fashion Page v Zurich Ins. Co.,* 50 NY2d 265; *Seda v Armory Estates,* 138 AD2d 362, 364). The process server made appropriate inquiries and under the circumstances, any confusion concerning the proper person to be served pursuant to CPLR 311 (1) occurred because of the internal circumstances of the appellant (see, *Seda v Armory Estates, supra).* Rubin, J. P., Balletta, Rosenblatt and Miller, JJ., concur.