OPINION OF THE COURT
Bruce J. Gould, J.
In contravention of Uniform Rules for Trial Courts (22 NYCRR) § 208.29, the process server failed to bring to the traverse hearing all records in his possession relating to the service. The traverse is upheld and the proceeding is dismissed.
*901 Effective January 1, 1991, 22 NYCRR part 208 was amended by adding this new section to read in part: "Whenever the court has scheduled * * * [a traverse hearing and the process server will testify,] the process server shall be required to bring to the hearing all records in the possession of the process server relating to the matter at issue”. (22 NYCRR 208.29.)
The process server testified that he made his log book entries subsequent to service from note sheets made concurrently with the service of process. He had his log book in court, but just neglected to bring his note sheets.
The making of notes and other memoranda prior to entry in the process server’s log book are perfectly permissible under current Regulations of the Department of Consumer Affairs (Regulations) promulgated pursuant to Administrative Code of the City of New York tit 20 (ch 2, subch 23), titled "Process Servers”: "Records shall be kept in chronological order in a bound, paginated volume.” (Regulations § 3.B.5.)
The failure of the Department to mandate that process servers make their entries directly in the log book simultaneously with the service or attempted service weakens, if it does not defeat, the underlying purpose of the requirement for a bound log book chronologically maintained, for it leaves open the door that the log book entries be a "reconstruction” of the actual order of service. The evidentiary rule imposed by 22 NYCRR 208.29, requiring the "bring[ing] to the hearing [of] all records in the possession of the process server relating to the matter at issue” is therefore particularly important in assuring that the court have the "best evidence” in this sensitive area (Richardson, Evidence § 297 [Prince 10th ed]).
While it is apparent that log book entries in the format required by Consumer Affairs do not satisfy the laudable goal of a chronological record for the reasons stated in a moment, were log book entries required to be made concurrently with service, the opportunity to "reconstruct” the time of each individual service would be eliminated. Still, whatever the virtues of eliminating intermediate notes, the regulatory agency would have to assess the down side of requiring process servers to carry their log books at all times when serving process, such as increasing the likelihood of their loss.
As to the goal of a chronological record, the listings are only partially in chronological order for with the vast numbers of conspicuous services in the landlord/tenant field, the chrono *902 logical record of service may be readily seen for the first attempt, but as the record of each service is kept on a single line the second attempts will be recorded helter skelter.
Until such time as it is mandated that the log entries be made at the time of attempted or actual service, a process server’s failure to produce at the traverse hearing all records in his possession impairs any effective examination of the process server’s primary records and defeats the court’s salutary effort to assure compliance with the requirements of due process.
In a similar holding, Housing Judge Rodriguez in Nostra Realty Corp. v Cusick (Civ Ct, NY County, index No. 106789/91) dismissed the summary proceeding for the reason stated on the record that "[process server] brought his log not all the records relating to the matter at issue [the service of process]”.