■ ELLEN I. LEVIN et al., as Coadministrators of the Estate of JENNIFER D. LEVIN, Deceased, Respondents, v JOHN J. DORRIAN et al., Doing Business as DORRIAN'S RED HAND RESTAURANT, et al., Appellants.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about December 31, 1991, which denied defendants' motion for summary judgment dismissing the complaint without prejudice to renewal following the completion of discovery, unanimously affirmed, with costs.

In light of the obvious confusion created by, *inter alia,* the unrevoked business certificate which describes John Dorrian as the owner of the trade name Dorrian's Red Hand Restaurant, material questions of fact exist concerning whether it

was reasonable, under the circumstances, for plaintiff to serve process upon John Dorrian as an apparent authorized agent of the corporation, 1616 Second Avenue Restaurant, Inc. (the correct name of the corporation) sued herein in its apparent trade name, and whether this service misled the corporation concerning who it was that plantiff was in fact seeking to sue (see, Seda v Armory Estates, 138 AD2d 362; see also, Creative Cabinet Corp. v Future Visions Computer Store, 140 AD2d 483).

Moreover, in light of the fact that no pretrial discovery has yet to be completed, the motion for summary judgment dismissing plaintiff's causes of action against John and Carol Dorrian in their individual capacities because of a lack of showing of an illegal sale was appropriately denied. Concur—Sullivan, J. P., Ellerin, Wallach, Ross and Rubin, JJ.