■ EASTMAN KODAK Co., Respondent, v MILLER & MILLER CONSULTING ACTUARIES, INC., Appellant. [601 NYS2d 10] —In an action for breach of contract, the defendant appeals from an order of the Supreme Court, Westchester County (Coppola, J.), dated November 1, 1990, which denied its motion to vacate a default judgment entered by the same court on June 22, 1989.

Ordered that the order is affirmed, with costs.

We find no error in the denial of the defendant's motion, made pursuant to CPLR 5015 (a) (4), to vacate its default. To this end, we note that service of process at the defendant's place of business, effected upon the receptionist situated outside the office of the defendant's president, complied with CPLR 311 (1). Indeed, since the record reveals that service had been effected in this manner on at least six prior occasions, the receptionist was clothed with apparent authority to receive service on behalf of the defendant *(cf., Todaro v Wales Chem. Co.,* 173 AD2d 696, 697; *Hoffman v Petrizzi,* 144 AD2d 437, 439). In any event, even if the receptionist was not authorized to receive process on the defendant's behalf, service upon the defendant was still properly effected. We note that the process server observed the defendant's president in his office a few feet away, heard his presence announced by the receptionist, and unavailingly waited 10 minutes for him

to come out and accept service. These facts evince that service was effected in a manner which was calculated to give the corporation fair notice *(see, Fashion Page v Zurich Ins. Co.,* 50 NY2d 265, 272) and, further, that the process server, in the face of the recalcitrant corporate officer, exhibited "due diligence" in fulfilling the statutory requirements of service upon the corporate defendant *(see, McDonald v Ames Supply Co.,* 22 NY2d 111, 115).

In addition, since the defendant wholly failed to proffer a reasonable excuse for its default, the Supreme Court properly denied its motion to vacate the default pursuant to CPLR 5015 (a) (1) *(see, Torres v Houses "R" Us,* 182 AD2d 684; *Trapani v Imlug & Seven Corp.,* 140 AD2d 690, 692). Thompson, J. P., Rosenblatt, Miller and Santucci, JJ., concur.