■ ELLEN I. LEVIN et al., as Coadministrators of JENNIFER D. LEVIN, Deceased, Respondents, v JOHN F. DORRIAN et al., Doing Business as DORRIAN'S RED HAND RESTAURANT, et al., Appellants. [629 NYS2d 393] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about February 28, 1994, which, *inter alia*, upon defendants' motion for renewal and reargument, considered the merits of defendants' motion for summary judgment dismissing the complaint and denied the motion, unanimously affirmed, with costs.

Plaintiffs, the surviving next-of-kin of Jennifer Dawn Levin, whose death in Central Park on August 26, 1986 occurred at the hands of Robert Chambers, commenced this action in August of 1988 against the individual defendants, doing business as Dorrian's Red Hand Restaurant, and the restaurant itself for having allegedly violated General Obligations Law § 11-101, known as the Dram Shop Act, and Alcoholic Beverage Control Law § 65, which prohibits the sale of alcoholic substances to minors, as well as common-law negligence. Specifically, the complaint alleges that, beginning on August 25, 1986 and continuing on into August 26, 1986, Robert Chambers, despite being below the legal drinking age, was served with such quantities of alcoholic beverages in Dorrian's Red Hand Restaurant as to render him intoxicated and that defendants' conduct in so serving Chambers contributed to the latter's wilful behavior in causing injury and death to Jennifer Levin. Although this lawsuit is nearly seven years old, the parties are still engaged in a dispute over whether the restaurant, owned by a corporate entity known as 1616 Second Avenue Restaurant, Inc., was properly served by personal service upon defendant John Dorrian. In that connection, defendants maintain that John Dorrian transferred his ownership interest in 1616 Second Avenue Restaurant in 1985 and that he is no longer an officer, director, managing or general agent, or employee of the corporate entity and is not otherwise authorized to accept service on its behalf.

This issue has already been before this Court on two prior occasions, the last time when we affirmed an order of the Supreme Court denying defendants' motion for summary judgment dismissing the complaint against both the restaurant

and the individual defendants, noting, in relevant part, that pretrial discovery had yet to be completed (190 AD2d 631). In the meantime, deposition testimony had been taken from the individual defendants, and, shortly after our decision was released, defendants moved to, *inter alia*, renew the denial of their motion for summary judgment dismissal. However, the purportedly new evidence that defendants are advancing in support of the renewal of their prior motion for summary judgment dismissal constitutes nothing more than the assertions made by them at their depositions, which largely repeat the statements already set forth in their affidavits, namely, that John Dorrian had transferred all of his interest in the corporate owner of the restaurant to his wife and daughter, plus a Notice of Approval of Corporate Change, dated March 12, 1985. This document, however, does not conclusively prove that John Dorrian divested himself of all of his interest in the corporate owner of the restaurant or that he is no longer a shareholder, director, officer, agent or employee who has the capacity to accept service on its behalf. Defendants have, thus, failed to establish that 1616 Second Avenue Restaurant could not be served through personal service upon John Dorrian personally.

Contrary to defendants' contention that the record undisputably demonstrates that John Dorrian transferred his entire interest in the corporate owner of Dorrian's Red Hand Restaurant, they have not supported their claim with convincing evidence notwithstanding the passage of almost seven years. In any event, defendants' assertion that John Dorrian has separated himself completely from the business of the restaurant is unpersuasive in view of John Dorrian's continued regular presence in the restaurant after he had allegedly divested himself of any interest therein, and there are unresolved questions of fact regarding the nature and extent of John Dorrian's ownership, management, supervision and control of the restaurant on the night of August 25 to the morning of August 26, 1986.

General Obligations Law § 11-101 imposes liability for the tortious acts of a third person upon the commercial vendor who illegally sells intoxicating beverages to that individual, and Alcoholic Beverage Control Law § 65 bars the sale of such beverages to anyone under the age of 21 years. At this stage of the action, the extent of the ownership, operation and control of the premises by the individual defendants, John Dorrian, who filed a business certificate as Dorrian's Red Hand Restaurant, which was never amended or revoked, and Carol Dorrian,

who is now alleged to be the true owner of the restaurant, has yet to be established. Defendants' motion for summary judgment dismissing the complaint was, consequently, properly denied. Concur—Murphy, P. J., Wallach, Ross, Nardelli and Williams, JJ.