■ MAXIMILIANO ARIEL AGUILERA, Respondent, v PISTILLI CONSTRUCTION & DEVELOPMENT CORP., Appellant, et al., Defendants. [882 NYS2d 145]—

In an action to recover damages for personal injuries, the defendant Pistilli Construction & Development Corp. appeals (1)

from an order of the Supreme Court, Queens County (Cullen, J.), dated October 2, 2007, which denied, with leave to renew, its motion, inter alia, to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction and to vacate an order of the same court dated April 5, 2006, granting that branch of the plaintiff's unopposed motion which was for leave to enter judgment upon its default in appearing or answering, and directed a hearing to determine the validity of the service of process upon it, (2) from an order of the same court dated April 11, 2008, which, after the hearing, denied its renewed motion, and (3) from a purported order of the same court dated April 25, 2008.

Ordered that the appeals from the order dated October 2, 2007 and the purported order dated April 25, 2008 are dismissed; and it is further,

Ordered that the order dated April 11, 2008 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the order dated October 2, 2007 must be dismissed, as that order was superseded by the order dated April 11, 2008. In addition, the appeal from so much of the order dated October 2, 2007 as directed a hearing must be dismissed, as no appeal lies as of right from an order which directs a hearing to aid in a disposition of a motion (*see Akerman v Akerman,* 53 AD3d 633 [2008]), and we decline to grant leave as that portion of the order was superseded by the order dated April 11, 2008. The appeal from the purported order dated April 25, 2008 must be dismissed, as that paper is not appealable either as of right or by permission (*see* CPLR 2219, 5701).

On November 23, 2004 the defendant Pistilli Construction & Development Corp. (hereinafter Pistilli) was the general contractor on a renovation project at a building owned by the defendant Tex Development Co., LLC. The plaintiff, who was working as a carpenter for a subcontractor hired by Pistilli, allegedly was injured when he slipped on debris in a stairway at the premises. The plaintiff commenced this action against Pistilli, among others, seeking to recover damages for common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6).

The affidavit of the plaintiff's process server showed that on July 25, 2005 Pistilli was served with a summons and complaint by delivery to its general agent at its office located in Astoria. Since no answer was served by Pistilli, the plaintiff sought and obtained leave to enter a default judgment against it.

Pistilli sought to vacate the default pursuant to, inter alia,

CPLR 5015 (a) (4), claiming that service of process was improper under CPLR 311 (a) (1), and/or pursuant to CPLR 5015 (a) (1) on the ground that its default was excusable. By order dated October 2, 2007, the Supreme Court, inter alia, directed a hearing to determine whether service of process was effected. Contrary to Pistilli's position, the Supreme Court properly ordered the hearing (*see CLE Assoc., Inc. v Greene,* 43 AD3d 382, 384 [2007]; *Skyline Agency v Coppotelli, Inc.,* 117 AD2d 135, 139 [1986]).

Pursuant to CPLR 311 (a) (1), service upon a corporation shall be made by delivering the summons to an officer, director, managing agent, general agent, cashier, or assistant cashier, or to any other agent authorized by appointment or by law to receive service. In addition, service may be made upon someone whom the corporation cloaks with authority (*see Fashion Page v Zurich Ins. Co.,* 50 NY2d 265 [1980]; *Rokicki v 24 Hour Courier Serv.,* 282 AD2d 664, 665 [2001]; *Eastman Kodak Co. v Miller & Miller Consulting Actuaries,* 195 AD2d 591 [1993]; *Seda v Armory Estates,* 138 AD2d 362, 363-364 [1988]).

The Supreme Court correctly determined that it acquired jurisdiction over Pistilli through proper service of process. The evidence adduced at the hearing established that Angela Rodriguez, to whom the summons and complaint was delivered, was seated behind the cashier/reception desk when the process server entered Pistilli's office, that the process server, who had served Pistilli in the same office and the same manner on at least three prior occasions, read the summons and complaint out loud to Rodriguez, and that Rodriguez informed the process server that she could accept service on behalf of Pistilli. While Rodriguez claimed that she was not employed by Pistilli, the record demonstrates that the company by which she was employed shared offices with Pistilli and was owned by the same principals. She also testified that service of process was regularly made by delivering documents to the reception desk for the various entities that operated out of the same office. Under these circumstances, "the plaintiff's process server acted reasonably and with due diligence" and it was reasonable for the process server to believe that Rodriguez was authorized to accept service on behalf of Pistilli (*Rokicki v 24 Hour Courier Serv.,* 282 AD2d at 664; *see Fashion Page v Zurich Ins. Co.,* 50 NY2d 265 [1980]; *Eastman Kodak Co. v Miller & Miller Consulting Actuaries,* 195 AD2d at 591; *Seda v Armory Estates,* 138 AD2d at 363-364). Furthermore, we decline to disturb any credibility determination made by the hearing court, as its determination is amply supported by the record (*see Lattingtown Harbor Prop. Owners Assn., Inc. v Agostino,* 34 AD3d 536, 538 [2006]).

The Supreme Court also properly denied that branch of Pistilli's renewed motion which was to vacate the default pursuant to CPLR 5015 (a) (1). "A party seeking to vacate a default pursuant to CPLR 5015 (a) (1) 'must demonstrate a reasonable excuse for its delay in appearing and answering the complaint and a meritorious defense to the action' " (*New York & Presbyt. Hosp. v American Home Assur. Co.,* 28 AD3d 442 [2006], quoting *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.,* 67 NY2d 138, 141 [1986]; *see* CPLR 5015 [a] [1]; *Koyenov v Twin-D Transp., Inc.,* 33 AD3d 967 [2006]). "The decision as to the setting aside of a default in answering is generally left to the sound discretion of the Supreme Court, the exercise of which will generally not be disturbed if there is support in the record therefor" (*Mjahdi v Maguire,* 21 AD3d 1067, 1068 [2005], quoting *MacMarty, Inc. v Scheller,* 201 AD2d 706, 707 [1994]).

Pistilli failed to offer a reasonable excuse for its failure to answer or appear in this action (*see Eastman Kodak Co. v Miller & Miller Consulting Actuaries,* 195 AD2d at 592). Contrary to Pistilli's position, its default was not attributable to its insurance carrier's assertion that it would represent it in this matter; as it was served with the summons and complaint approximately five months prior to any communication that it received from its insurance carrier regarding representation (*cf. Perez v Linshar Realty Corp.,* 259 AD2d 532, 533 [1999]). In view of the lack of a reasonable excuse, it is unnecessary to consider whether Pistilli sufficiently demonstrated the existence of a meritorious defense (*see Mjahdi v Maguire,* 21 AD3d at 1068; *Krieger v Cohan,* 18 AD3d 823 [2005]). Dillon, J.P., Angiolillo, Leventhal and Chambers, JJ., concur.