OPINION OF THE COURT
Memorandum.
Ordered that the order dated July 16, 2008 is reversed, without costs, the motion by The Brecht Forum, Inc. to vacate the default final judgments as against it is granted, and the petition is dismissed as against The Brecht Forum, Inc.; and it is further ordered that the appeal, from the order dated June 3, 2009 is dismissed as The Brecht Forum, Inc. states in its reply brief that it wishes to withdraw its appeal from that order.
Landlord brought this commercial nonpayment proceeding in March 2007 against The Brecht Forum, Inc. and Concerned Citizens for Family Preservation, Inc. Service upon these respondents was effected by leaving two copies of the notice of petition and petition with “Ms. Campbell,” an employee of Concerned Citizens, and then by mailings. The mailings for Brecht were sent to the premises and to the address for Brecht set forth in the lease, with the latter mailing being returned as undeliverable. A default final judgment, awarding landlord possession and the sum of $31,299.78 as against Brecht and Concerned Citizens, was entered on August 3, 2007. A second final judgment, awarding landlord possession and $2,988 in attorney’s fees, costs and disbursements as against Brecht and Concerned Citizens, was also entered on August 3, 2007. Brecht subsequently moved to vacate the default final judgments and dismiss the petition as against it, arguing that it was not properly served. In the alternative, Brecht argued that the final judgments should be vacated as its default was excusable. After a traverse hearing, by order dated July 16, 2008, the Civil Court denied Brecht’s motion. Since service upon Brecht was, in our view, defective, we reverse and grant Brecht’s motion.
“The burden of proving in personam jurisdiction is on the party asserting it” (Bernardo v Barrett, 87 AD2d 832, 833 *66 [1982], affd 57 NY2d 1006 [1982]). “In evaluating whether service is to be sustained, the circumstances of the particular case must be weighed” (Fashion Page u Zurich Ins. Co., 50 NY2d, 265, 273 [1980]). Where, as here, service upon a tenant is sought to be effected by service upon an employee of a different tenant, “the essential inquiry is whether the person served with papers is likely to transmit [the] papers to the respondent” (Rector, Trinity Church v Chung King House of Metal Inc., NYLJ, July 7, 2009, at 27, col 3 [Civ Ct, NY County]).
“As a general rule, in a business setting, it would be unfair and improper to say that an employee of another tenant [i.e., a cotenant in the same premises], not employed by the tenant on whom service is intended, would be one of suitable age and discretion. Their relationship to each other is simply too remote” (Ilfin Co. v Benec Indus., 114 Misc 2d 411, 413 [Civ Ct, NY County 1982, Saxe, J.]; see also Robbins Fulton Corp. v Bergen Tile of Brooklyn, Inc., NYLJ, June 6, 1988, at 28, col 1 [App Term, 2d & 11th Jud Dists]).
In our view, landlord failed to meet its burden of showing that service upon Ms. Campbell, an employee of Concerned Citizens, was proper service upon Brecht. Brecht presented unrebutted evidence that Ms. Campbell had never been employed by Brecht and was not authorized to accept service on Brecht’s behalf. Moreover, according to the testimony of the process server, there was no inquiry made to discover whether Ms. Campbell was in any way affiliated with Brecht or authorized to accept service on its behalf. In contrast, landlord provided no evidence which would support its assertions on appeal that Brecht and Concerned Citizens were “united in interest by virtue of their joint business relationship” or that there was a “mutual principal agent relationship thus empowering each to act for the other” between them (see e.g. World’s Busiest Corner Corp. v Cine 42nd St. Theater Corp., 134 Misc 2d 281 [Civ Ct, NY County 1986]). Contrary to landlord’s further assertion, the fact that Ms. Campbell failed to reject the papers for Brecht is not, in itself, sufficient to establish that service on her was proper (see e.g. Fashion Page, 50 NY2d at 273).
As service upon Brecht was not properly effected, the default final judgments should have been vacated as against Brecht pursuant to CPLR 5015 (a) (4), and the petition, insofar as asserted against Brecht, should have been dismissed for lack of personal jurisdiction {see CPLR 3211 [a] [8]).
*67 We note that the Civil Court should, in any event, also have considered Brecht’s additional argument that the default final judgment should have been vacated pursuant to CPLR 5015 (a) (1).
Accordingly, the order dated July 16, 2008 is reversed, the motion by Brecht to vacate the default final judgments as against it is granted, and the petition is dismissed as against Brecht.
Pesce, RJ., Golia and Steinhardt, JJ., concur.