*10 OPINION OF THE COURT
Memorandum.
Ordered that the order is affirmed, without costs.
In this commercial nonpayment summary proceeding, WWTL Logistics, Inc. (tenant) moved to vacate a default judgment entered against it and to dismiss the petition as against it, arguing that the court lacks personal jurisdiction over it because it was not properly served or, in the alternative, that it should be permitted to appear in the proceeding because it has a reasonable excuse for its default and a meritorious defense to the proceeding. After a traverse hearing, the Civil Court denied tenant’s motion. We affirm.
It is undisputed that service upon tenant was effected by personal delivery pursuant to RPAPL 735 (1) at tenant’s business address, not at the subject premises. Tenant argues that this service was defective pursuant to CPLR 311, which governs personal service on a corporation, because the notice of petition and petition were delivered to a “mere employee” of tenant. Service pursuant to CPLR 311 (a) (1) can be made by delivering the notice of petition to an officer, director, managing or general agent, cashier, assistant cashier, “or to any other agent authorized by appointment or by law to receive service.” Service will be upheld, however, when made upon a person who is not enumerated by CPLR 311 (a) (1) if, under the circumstances, the process server acts reasonably and with due diligence, and it was reasonable for the process server to believe the person receiving process had the authority to do so (see Aguilera v Pistilli Constr. & Dev. Corp., 63 AD3d 765, 767 [2009]).
In this case, the process server entered tenant’s office and identified himself to the secretary as a process server. He was led to the general manager and announced that he had some papers to serve. The general manager signed for the papers, as he had done on other occasions in the past. While the general manager testified that he had never told the process server that he was authorized to accept service, he did not deny having accepted service in the past, nor did he testify that he had told the process server that he did not have authority to accept service. In our opinion, as an employee with supervisory duties who had accepted process in the past, the general manager had apparent authority to accept service on tenant’s behalf (see Eastman Kodak Co. v Miller & Miller Consulting Actuaries, 195 AD2d 591, 591 [1993]; see also Fashion Page v Zurich Ins. Co., 50 NY2d 265 [1980]; Aguilera, 63 AD3d 765 [2009]).
*11 Tenant also argues that the petition should be dismissed because landlord’s process server failed to bring his log book with him to court, an argument that was sufficiently preserved for appellate review (see PDQ Aluminum Prods. Corp. v Smith, 20 Misc 3d 94 [App Term, 9th & 10th Jud Dists 2008]). In addition to keeping records as required by statute (see General Business Law § 89-cc), a process server in New York City is required, when appearing for a traverse hearing in the Civil Court of the City of New York, to bring those records to court (Uniform Civ Rules for NY City Civ Ct [22 NYCRR] § 208.29). Some trial courts have penalized plaintiffs and petitioners by imposing a rule requiring the dismissal of complaints and petitions for lack of personal jurisdiction where the process server has not strictly complied with Uniform Civil Rules for New York City Civil Court (22 NYCRR) § 208.29 (see First Commercial Bank of Memphis v Ndiaye, 189 Misc 2d 523 [2001]; Rose Assoc. v Becker, 153 Misc 2d 900 [1992]; Inter-Ocean Realty Assoc. v JSA Realty Corp., 152 Misc 2d 901 [1991]).
In the instant case, tenant’s general manager conceded that the subject papers were delivered to him by the process server. Thus, the sole factual issue to be determined at this traverse hearing, as discussed above, was whether delivery of the notice of petition and petition to tenant’s general manager constituted personal service upon tenant pursuant to CPLR 311 (a) (1). The information that General Business Law § 89-cc (2) requires a process server’s records to contain, such as the date and time of service, the nature of the papers served and the name and physical description of the individual served, would not have aided in resolving that issue. Consequently, we find no basis, under the circumstances presented, to dismiss the petition on the ground that the process server had failed to comply with Uniform Civil Rules for New York City Civil Court (22 NYCRR) § 208.29, and, thus, we need not reach the larger question of whether a process server’s failure to comply with section 208.29 is ever, standing alone, a proper ground to dismiss a complaint or petition. We note in passing, however, that Uniform Civil Rules for New York City Civil Court (22 NYCRR) § 208.1 allows a court to waive compliance with section 208.29.
In view of the foregoing, we agree with the Civil Court’s finding that service was proper. However, tenant alternatively moved to vacate the default judgment based on an excusable default pursuant to CPLR 5015 (a) (1). The Civil Court failed to consider that part of tenant’s motion (see SYZ Holdings, LLC v *12 Brecht Forum, Inc., 30 Misc 3d 64, 67 [App Term, 2d, 11th & 13th Jud Dists 2010]).
A respondent seeking to vacate a default judgment on the ground of excusable default must not only demonstrate a reasonable excuse for the default, but also set forth a meritorious defense to the proceeding (see CPLR 5015 [a] [1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]; Hodges v Sidial, 48 AD3d 633, 634 [2008]; Hageman v Home Depot U.S.A., Inc., 25 AD3d 760 [2006]). Here, tenant has not demonstrated that it has a meritorious defense to the proceeding.
Tenant argues, in effect, that it is not liable for unpaid rent because it had been “evicted” from the subject property by Seville Container Freight Station, Inc., which had co-signed the lease and shared use of the space. Eviction by a landlord “discharges the tenant from all liability for rent accruing after the eviction” (2 Dolan, Rasch’s Landlord and Tenant — Summary Proceedings § 28:74, at 382 [4th ed]). Seville, however, is not the landlord, and tenant has offered nothing more than conclusory allegations that Seville had acted with the sanction of, or under the authority of, landlord (cf. 2 Dolan, Rasch’s Landlord and Tenant — Summary Proceedings § 28:67, at 377 [4th ed]; Katz v Alvord, 137 NYS 870 [App Term, 1st Dept 1912]). In any event, the alleged eviction is not a defense to this nonpayment proceeding because the alleged eviction did not take place before the rent became due (see 2 Dolan, Rasch’s Landlord and Tenant — Summary Proceedings § 28:75, at 382 [4th ed]).
Accordingly, the order denying tenant’s motion to vacate the default judgment entered against it and to dismiss the petition as against it is affirmed.
Weston, J.P, Pesce and Rios, JJ., concur.