OPINION OF THE COURT
Ellen M. Yacknin, J.
Introduction
On July 5, 2016, plaintiff Latousya Goins-Tisdale filed a small claims action against defendant GEICO[1] in Rochester City Court. Plaintiff claimed that defendant unjustifiably failed to pay her insurance claim related to her damaged automobile.
An arbitration hearing was scheduled for August 24, 2016. Plaintiff appeared at the hearing, but defendant did not appear. After hearing plaintiff’s testimony and reviewing the evidence, the arbitrator found that plaintiff had proved her claim, and awarded plaintiff $5,000, plus $20 in costs. On August 24, 2016, Rochester City Court entered a default judgment against defendant for this amount.
On March 9, 2017, defendant GEICO filed a motion to vacate the default judgment. Defendant argues primarily that the court was without jurisdiction to issue a judgment against defendant because service of plaintiff’s complaint was improper. Secondarily, defendant contends that its failure to respond to plaintiff’s complaint was excusable and that it has a meritorious defense to plaintiff’s claims.
The court conducted a traverse hearing with respect to defendant’s contentions on May 2, 2017. Craig Brown testified for defendant and plaintiff Latousya Goins-Tisdale testified for herself. After considering the credible testimony and evidence, the court makes the following factual findings and conclusions of law.
Factual Background
Under Uniform City Court Act § 1803 (a), service of a small claims complaint against a party can be made at the party’s “office.” In her July 5, 2016 small claims complaint, plaintiff identified defendant GEICO’s office address as 3740 West Henrietta Road in Rochester, New York.
As required by Uniform City Court Act § 1803 (a), the Clerk’s Office mailed plaintiff’s complaint to defendant GEICO at that address by certified mail, return receipt requested, and by first- *1121 class mail. The first-class letter sent to GEICO at that address was not returned to the Clerk’s Office as undeliverable.[2] Further, the U.S. Postal Service’s tracking records show that the Postal Service delivered the Clerk’s Office’s certified mail to an individual who accepted it at that address on July 8, 2016.
According to defendant’s witness, Craig Brown, 3740 West Henrietta Road is not defendant GEICO’s office address. Instead, according to Mr. Brown, that address is the registered corporate address of CA Brown, Inc., a business that sells insurance policies for defendant GEICO. Mr. Brown is president of CA Brown, Inc.
That Ms. Goins-Tisdale understood the office at 3740 West Henrietta Road to be defendant GEICO’s office, however, is entirely reasonable. In fact, it is reasonable that anyone who drives by, enters, or conducts business at 3740 West Henrietta Road would understand 3740 West Henrietta Road to be defendant GEICO’s office.
3740 West Henrietta Road is a stand alone building. There are no signs anywhere on the building that identify it as CA Brown, Inc. To the contrary, over the building’s front entrance is a sign that is several feet tall and several feet wide. The sign identifies the building as “GEICO—Local Office.” Several yards away from the entranceway is a large pole that is several stories high. At the top of the pole is a massive sign with a blue background that displays “GEICO” in large white capital letters. The display is defendant GEICO’s national logo.
All the employees who work at 3740 West Henrietta Road, including Mr. Brown, routinely wear shirts that exhibit the GEICO logo. All the signs and posters that hang throughout the central lobby area are GEICO signs and posters. All the pamphlets, flyers, and other literature located throughout the central lobby area are GEICO documents. Scattered throughout the lobby are several stuffed gecko animals—the same gecko that defendant GEICO has used as its advertising mascot for years. In contrast, there are no signs or literature in the building that identify the business as CA Brown, Inc.
When someone calls the telephone number associated with 3740 West Henrietta Road, the caller first hears a recorded message. The recorded message begins with, “Thank you for *1122 calling your local GEICO office of Rochester, New York.” The recorded message does not mention anything about CA Brown, Inc.
In the past several years, Mr. Brown has appeared at community events and in recorded television and Internet advertisements on behalf of defendant GEICO. When he appears at these events and in these advertisements, Mr. Brown represents himself as working for defendant GEICO. The advertisements say nothing about CA Brown, Inc.
Plaintiff purchased her GEICO automobile insurance policy about two years ago. She purchased the policy at Mr. Brown’s previous location in Southtown Mall in Henrietta. Since obtaining her policy, she has regularly paid her insurance premiums in person, first at Mr. Brown’s Southtown Mall location and then at 3740 West Henrietta Road. On occasion, plaintiff is able to make only a partial payment. When she needs to do so, she requests and routinely obtains Mr. Brown’s permission. Every time plaintiff makes a GEICO insurance premium payment at 3740 West Henrietta Road, she receives a receipt that has the GEICO logo on it.
Legal Discussion
As noted above, the legal provisions governing the commencement of small claims actions in New York provide that a defendant can be served at its “office.” (See UCCA 1803 [a].) All the GEICO signage, all the GEICO literature, all the GEICO paraphernalia, and all the employees wearing GEICO clothing at 3740 West Henrietta Road demonstrate that 3740 West Henrietta Road is exactly as it holds itself out to the public to be; namely, a local GEICO office.
Defendant asserts, however, that because 3740 West Henrietta Road is technically CA Brown, Inc.’s address, and because its president, Craig Brown, is not an employee on GEICO’s payroll, Rochester City Court’s service of plaintiff’s complaint against GEICO at that address was improper under CPLR 311 (a) (1). Specifically, according to defendant, neither Mr. Brown nor any of CA Brown, Inc.’s employees is an “officer, director, managing or general agent, or cashier or assistant cashier or . . . any other agent authorized ... to accept service.” Therefore, defendant maintains, this court does not have jurisdiction over plaintiff’s complaint.
No evidence was presented regarding whether defendant GEICO explicitly authorized CA Brown, Inc. to accept service *1123 of process for defendant under CPLR 311 (a) (1). However, the evidence demonstrates that under the judicial doctrine of apparent authority, defendant GEICO cloaked the office at 3740 West Henrietta Road with apparent authority to accept Rochester City Court’s service of process of plaintiff’s small claims complaint against defendant GEICO.
The persons upon whom service of process on a corporation may be made are not limited to the individuals designated in CPLR 311 (a) (1). In addition, service of process on a corporation may be made, pursuant to the apparent authority doctrine, by service on “someone whom the corporation cloaks with authority.” (Aguilera v Pistilli Constr. & Dev. Corp., 63 AD3d 765, 767 [2d Dept 2009]; see AMB Fund III N.Y. III & IV, LLC v WWTL Logistics, Inc., 35 Misc 3d 8, 10 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; Alleyne-Christopher v Allstate Prop. & Cas. Ins. Co., 37 Misc 3d 264, 268-270 [Civ Ct, Kings County 2011]; Gabriel v Beth Israel Med. Ctr., 121 Misc 2d 351, 352 [Civ Ct, NY County 1983].) The evidence presented at the hearing makes it clear that defendant GEICO cloaked CA Brown, Inc. with authority to accept service of process from Rochester City Court as a “local office” on its behalf.
A principal confers apparent authority on another entity when the principal manifests to a third party that the other entity is its agent. (See Restatement [Second] of Agency § 8.) Stated differently, service of process is proper, even if not made on a person enumerated in CPLR 311 (a) (1), “if, under the circumstances, ... it was reasonable for the process server to believe the person receiving process had the authority to do so.” (AMB Fund III N.Y. III & IV, LLC v WWTL Logistics, Inc., 35 Misc 3d at 10; see Aguilera v Pistilli Constr. & Dev. Corp., 63 AD3d at 767.)
The facts in this action are virtually identical to an example of apparent authority set forth in Restatement (Second) of Agency § 8. Illustration 6 in Comment b of section 8 of the Restatement is as follows:
“A[gent], with P[rincipal]’s acquiescence, advertises in the papers that he is P’s local agent and also has a sign put over his place of business to that effect. To those reading the advertisements or the sign, A has apparent authority to act for P; to those not so doing and not otherwise having information, A has no apparent authority.”
Without exception, all of the physical characteristics of both the exterior and interior of 3740 West Henrietta Road manifest *1124 that the location is defendant GEICO’s “local office.” Indeed, the large sign above the entrance reads, “GEICO—Local Office.” The gigantic sign on the three-story pole in the parking lot is defendant GEICO’s logo. All the employees in the building wear clothing with defendant GEICO’s logo. All the literature, posters, and other items in the building are defendant GEICO’s literature, posters, and items. Like the example in the Restatement, the physical attributes of 3740 West Henrietta Road manifest plainly that the business there has apparent authority to act for defendant GEICO.
Conversely, there are no signs anywhere on the exterior of the building that suggest that the building is anything other than defendant GEICO’s local office. There are no signs, posters, or literature anywhere inside the building that indicate that the business is anything other than defendant GEICO’s local office. There is no evidence that anything other than GEICO business is conducted at 3740 West Henrietta Road.
The actions of Mr. Brown and his employees similarly manifest Mr. Brown’s apparent authority to act as defendant GEICO’s agent. The staff at 3740 West Henrietta Road sell only GEICO insurance policies to customers, and collect GEICO premium payments from customers. When premiums are paid, staff give customers receipts with defendant GEICO’s logo. Wearing a GEICO shirt, Craig Brown appears routinely in television and Internet video advertisements for defendant GEICO, and Mr. Brown appears frequently throughout the community on behalf of defendant GEICO.
At the hearing, Mr. Brown acknowledged that his office regularly receives, opens, and processes mail addressed to defendant GEICO that is delivered to 3740 West Henrietta Road. Mr. Brown also testified that at some unspecified time in the past, he was directed to accept mail from the courts that is delivered to defendant GEICO at 3740 West Henrietta Road. Consequently, in addition to other mail addressed to defendant GEICO, Mr. Brown’s office receives, opens, and processes mail addressed to defendant GEICO from the courts that is delivered to 3740 West Henrietta Road.
Mr. Brown testified that he could not recall what, if anything, anyone from defendant GEICO directed him to do with such mail. However, there was no evidence that defendant GEICO told Mr. Brown that he was not authorized to accept such mail; there was no evidence that defendant GEICO told Mr. Brown that his office was not authorized to accept such mail; there *1125 was no evidence that Mr. Brown ever advised the courts that his office was not authorized to accept such mail; and there was no evidence that Mr. Brown ever advised the courts of an alternate address for the courts’ mail addressed to defendant GEICO.
Under these circumstances, it is indisputable that it was reasonable for both plaintiff and Rochester City Court to believe that 3740 West Henrietta Road is an office that is authorized to accept service of process on defendant GEICO in this action pursuant to Uniform City Court Act § 1803 (a). (See e.g. Aguilera v Pistilli Constr. & Dev. Corp., 63 AD3d at 767.) Accordingly, the office at 3740 West Henrietta Road had apparent authority to accept service of process for defendant GEICO, and Rochester City Court properly served defendant GEICO at its self-identified “Local Office” at 3740 West Henrietta Road pursuant to Uniform City Court Act § 1803 (a). (See Aguilera v Pistilli Constr. & Dev. Corp., 63 AD3d at 767 [service of process was proper where made on an employee of a different business that shared offices with defendant’s business which regularly received documents for defendant’s business]; Alleyne-Christopher v Allstate Prop. & Cas. Ins. Co., 37 Misc 3d at 269-270 [service of process was proper where made on insurance agent for defendant who performed several functions of defendant’s employees and who represented defendant throughout the community]; Katims v DaimlerChrysler Corp., 9 Misc 3d 503, 508 [Suffolk Dist Ct 2005] [service of process was proper where served on employee of a dealership for defendant]; Gabriel v Beth Israel Med. Ctr., 121 Misc 2d at 352 [service of process was proper where served on defendant’s billing office whose address defendant provided to plaintiff in its interactions with plaintiff].)[3]
Having been properly served with process in this action, to prevail on its vacatur motion, it is incumbent upon defendant to demonstrate both a reasonable excuse for its default and a meritorious defense to this action. (See CPLR 5015 [a] [1]; *1126 Wells Fargo Bank, N.A. v Dysinger, 149 AD3d 1551, 1552 [4th Dept 2017].) Mr. Brown testified that he does not recall what, if anything, he did with plaintiff’s complaint that was delivered to 3740 West Henrietta Road by both first-class and certified mail. This testimony fails to constitute a reasonable excuse for defendant’s default.[4] It is therefore unnecessary to consider whether defendant sufficiently established the existence of a potentially meritorious defense in this action.[5] (See Wells Fargo Bank, N.A. v Dysinger, 149 AD3d at 1551.)
Conclusion
For the reasons discussed above, defendant GEICO’s motion to vacate the default judgment entered in this action is denied.

. It is evident that plaintiff misstated defendant’s name in her pro se complaint. Accordingly, the Clerk of Rochester City Court is directed to amend the caption to reflect defendant’s correct name as GEICO. (See UCCA 1814 [b].)

. Under Uniform City Court Act § 1803 (a), if the court’s mailing of its notice to a defendant is not returned as undeliverable, “the party complained against shall be presumed to have received notice of such claim.”

. As noted above, there is no evidence that Mr. Brown ever advised Rochester City Court of any other person on whom process should be served if service on him or his employees was improper. As courts have emphasized, “the process server [in this case, Rochester City Court] is not expected to be familiar with the corporation’s internal practices, and is thus entitled to rely upon the ‘employees to identify the proper person to accept service.’ ” (Cellino & Barnes, P.C. v Martin, Lister & Alvarez, PLLC, 117 AD3d 1459, 1460 [4th Dept 2014], Iv dismissed 24 NY3d 928 [2014], quoting Fashion Page v Zurich Ins. Co., 50 NY2d 265, 272 [1980].)

. In finding that defendant has failed to show a reasonable excuse for its default, the court also takes into account defendant’s failure to explain its lengthy six-month delay in moving to vacate the default judgment. (See Deutsche Bank Natl. Trust Co. v Gutierrez, 102 AD3d 825 [2d Dept 2013]; Bekker v Fleischman, 35 AD3d 334 [2d Dept 2006].)

. Even if defendant had demonstrated a reasonable excuse for its default, defendant’s assertions supporting its allegedly meritorious defense are made solely by defendant’s attorney, unsupported by any evidence from someone with personal knowledge. Defense counsel’s unsubstantiated assertions do not constitute supporting facts in evidentiary form sufficient to demonstrate a meritorious defense. (See Law Off. of Civardi & Obiol, P.C. v Weisberg & Weisberg, 137 AD3d 1226, 1227 [2d Dept 2016]; Brehm v Patton, 55 AD3d 1362, 1363 [4th Dept 2008].)