## Kupferstein v Kupferstein

2025 NY Slip Op 32115(U)

June 11, 2025

Supreme Court, Kings County

Docket Number: Index No. 534449/2023

Judge: Joy F. Campanelli

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW
YORK COUNTY OF KINGS

-------------------------------------------------------------X

HENNY KUPFERSTEIN,

Plaintiff,

-against-

VICTOR KUPFERSTEIN, CONGREGATION
KEHILAS BELZ USA, RABBI CHESKEL AKIVA
GROSS, ABC CORPORATIONS 1-10 and JOHN
DOE INDIVIDUALS 1-10,

Defendants.

-------------------------------------------------------------X

At the I.A.S. Trial Term, Part 6 of the Supreme Court of the State of New York, held in and for the county of Kings, at the Courthouse, located at 360 Adams Street, Borough of Brooklyn, City and State of New York, on the 11th day of June 2025

Index No.: 534449/2023

**DECISION AND ORDER**

Hon. Joy F. Campanelli, J.S.C.

The following e-filed papers read herein:

Papers Numbered:

Notice of Motion/Order to Show Cause/ Petition/Cross Motion and Affidavits (Affirmations) Annexed

Seq. 6

1,2

Opposing Affidavits (Affirmations)

3

Affidavits/ Affirmations in Reply

Other Papers:

On May 1, 2025, Defendants CONGREGATION KEHILAS BELZ USA, and RABBI CHESKEL AKIVA GROSS moved by Order to Show Cause, seq. no. 6, seeking to vacate the default entered against them, dismiss the action as to moving defendants for lack of personal jurisdiction, or in the alternative, extend the time for moving defendants to answer.

In support of their Order to Show Cause, Defendants argue that (1) the Summons with Notice, which initiated this litigation, was insufficient to put them on notice as to the nature of the action and thus is defective; (2) service of the Summons with Notice on Defendant Congregation Kehilas Belz USA was flawed and did not confer personal jurisdiction; (3) service of the Complaint was improper as it was personally served on days of religious observance; and (4) a reasonable excuse and meritorious defense exist to vacate Defendants' default.

Defendants' arguments regarding the sufficiency of the Summons with Notice are unavailing. Congregation Kehilas Belz USA and Rabbi Gross are named defendants in the

1

[* 1]

Summons with Notice. CPLR 305(b) provides that summons served without a complaint must contain "a notice stating the nature of the action, and the relief sought." Here, the Notice states "The nature of this action is for personal injuries resulting from sexual assault, sexual abuse, constituting criminal conduct under the New York Penal Code Article 130, intentional infliction of emotional distress and negligence action filed under the Adult Survivors Act, CPLR 214-j, harassment and tortious conduct, and other New York statutes designed to protect against unlawful sexual abuse." Contrary to Defendants contentions, this notice is sufficient to provide notice of the nature of Plaintiff's claims.

Next, Defendants argue that this Court lacks personal jurisdiction over Defendant Congregation Kehilas Belz USA because the Summons with Notice was served on an individual, Yosef Monheit, who is a part-time assistant administrator of Yeshiva Machzikei Hadas, a business that operates out of a shared office space with Defendant Congregation Kehilas Belz USA. Defendants do not contest that the Summons with Notice was improperly served on Defendant Gross.

Plaintiff's affidavit of service constitutes prima facie evidence of proper service on a not for profit, religious corporation pursuant to CPLR 311(a)(1). Plaintiff's process server states that on December 18, 2023, at 11:00am, they personally served a "Yoshi Doe" at the Defendant's address who stated that he was authorized to accept service on behalf of the congregation and another employee in the office confirmed with the process server that this individual was "in charge" of the congregation.

In support of their motion, Defendant Congregation Kehilas Belz USA offers the affirmation of Yosef Monheit, the individual who claims to have accepted service of the Summons with Notice in this action. He affirms that he was not employed by the congregation at

2

the time he accepted service on their behalf, though he has previously worked for the congregation. Mr. Monheit affirms that the process server asked him if he was authorized to accept service on behalf of Congregation Kehilas Belz USA, and he affirmatively represented to the process server that he was so authorized. Mr. Monheit took the documents from the process server and put them in the Congregation's incoming mailbox. Mr. Monheit contends that he did not understand the legal significance of accepting the Summons with Notice for the Congregation.

Pursuant to CPLR 311(a)(1), service upon a corporation shall be made by delivering the summons to an officer, director, managing agent, general agent, cashier, or assistant cashier, or to any other agent authorized by appointment or by law to receive service. Additionally, "service may be made upon someone whom the corporation cloaks with authority[.]" *Aguilera v. Pistilli Const. & Dev. Corp.*, 63 A.D.3d 765, 767, 882 N.Y.S.2d 145, 146–47 (2009).

Under the circumstances, the Plaintiff's process server acted reasonably in believing that Monheit was authorized to accept service on behalf of Defendant Congregation Kehilas Belz USA. Despite Mr. Monheit's alleged lack of understanding regarding the legal significance of accepting the Summons with Notice, he affirmatively represented that he was authorized to accept service on the Defendant's behalf after the process server made appropriate inquiries. Defendant's arguments regarding service of process on a shared office space are unavailing as "any confusion concerning the proper person to be served pursuant to CPLR 311(1) occurred because of the internal circumstances of defendant. *Seda v. Armory Ests., Ltd.*, 138 A.D.2d 362, 363–64, 525 N.Y.S.2d 651, 653 (1988). As personal service of the Summons with Notice was made in a manner reasonably calculated to give the Defendant Congregation Kehilas Belz USA fair notice of the commencement of the action, and the process server acted with due diligence in

3

[* 3]

ascertaining whom at the Defendant's registered address was authorized to accept service, the Court finds that jurisdiction has been established over the Defendant.

Next, Defendants argue that service of the Complaint was improper. On January 22, 2024, Defendant Victor Kupferstein made a demand for the Complaint. On April 12, 2024, the Court signed Plaintiff's Order to Show Cause, seq. no. 1, seeking an extension of time to serve the Defendants with the Complaint and scheduled a return date for May 1, 2024. The Hon Rachel E. Freier, J.S.C. ordered Plaintiff to personally serve a copy of the Order to Show Cause, all accompanying documents including the Complaint, on all Defendants on or before April 23, 2024.

On April 20, 2024, and April 23, 2024, Plaintiff's process server attempted to effect personal service of the Order to Show Cause, and accompanying documents, on Defendant Gross and Defendant Congregation Kehilas Belz USA. The process server attempted personal service on two different days of the week at different times of day. On April 24, 2024, Plaintiff's process server affixed the documentation on Defendants' dwelling and place of business respectively and mailed copies by first class mail. On April 30, 2025, Plaintiff's Order to Show Cause, seq. no. 1, was marked resolved by stipulation. The only Defendant who demanded the Complaint, Victor Kupferstein, and Plaintiff, stipulated that Defendant Kupferstein will accept service of the Verified Complaint.

Defendants contend that service of Plaintiff's Order to Show Cause was improper because April 20, 2024, was a Saturday, a day Defendants keep holy. Additionally, Defendants were observing Passover on April 23, 2024, and April 24, 2024. Defendants argue that service of the Order to Show Cause on these dates was not only improper but also a violation of General Business Law § 13. However, that statute concerns service of process, not service of motion

4

papers. Service of process was completed in this action when Plaintiff personally served the Summons with Notice on Defendant Congregation Kehilas Belz USA on December 18, 2023, and on Defendant Gross on January 9, 2024.

The Court's directive to personally serve the Order to Show Cause on all defendants was obviated by the fact that Plaintiff's Order to Show Cause was resolved by stipulation of the parties on April 30, 2024, prior to it being heard by the Court. Neither moving Defendant demanded the Complaint. As the Order to Show Cause was resolved by stipulation, any potential defect in the service of the underlying papers is immaterial.

Lastly, Defendants seek to vacate their default on the grounds that a reasonable excuse and meritorious defense exist, and it is in the interest of justice. Defendants' own inadvertence in responding to this matter does not rise to the level of reasonable excuse. Similarly, cursory blanket denials of the allegations in the Complaint do not establish a meritorious defense. As such, the branch of Defendants Order to Show Cause seeking vacatur is denied. The Court finds Defendants argument to vacate their default in the interest of justice to be unconvincing.

Accordingly, it is

**ORDERED** that Defendant's Order to Show Cause, seq. no. 6, is DENIED in its entirety. This matter will proceed to an inquest on damages which has been scheduled for June 25, 2025, at 10:00am in Courtroom 441.

This constitutes the decision and order of the Court.

_____
Hon. Joy F. Campanelli, J.S.C

5

[* 5]